UNITED STATES of America,
Plaintiff-Appellee,

v.

Humberto RODRIGUEZ, Defendant-
Appellant.

No. 11799.

United States Court of Appeals
Seventh Circuit.

Feb. 20, 1957.

——◆——

Humberto Rodriguez, pro se.

Robert Tieken, U. S. Atty., Chicago, Ill., John Peter Lulinski, Albert F. Manion, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

PER CURIAM.

Defendant was convicted after a jury trial for the unlawful acquisition and possession of 392 grams of marihuana without having paid the transfer tax thereon in violation of Sec. 4744, Internal Revenue Code of 1954, 26 U.S.C.A. § 4744.

The evidence discloses defendant was apprehended by Chicago police officers on July 2, 1955 because of a shooting witnessed by these officers. In defendant's automobile were found concealed several packages of a green weed suspected of being marihuana. The substance thus found was placed in sealed containers and eventually was delivered to the United States chemist for examination.

At the trial the United States attorney announced he was going to call the United States chemist as his next witness. Defendant's attorney advised the court that he had discussed the matter with his client and he was willing to stipulate that the green weed was, in fact, marihuana. Whereupon a stipulation to such effect was agreed upon between the United States attorney and counsel for defendant, and was approved by the court.

The only point here at issue is whether a stipulation between the parties as to the identity of the suspected substance as marihuana establishes sufficient proof of such fact without the necessity of further evidence.

Although defendant now claims his attorney was not authorized by him to make such stipulation, it was made in open court in the presence of defendant, and without any objection by him.

The use of stipulations in criminal as well as civil matters has long been recognized as proper. United States v. Monroe, 2 Cir., 164 F.2d 471, 476. We think there was no need for additional proof as to the identity of the substance described as green weed. In fact, we are convinced defendant had a fair trial and was ably represented by Mr. James Piragine, an experienced attorney of defendant's own choosing.

On this appeal, Mr. Piragine obtained permission of the court to withdraw as

counsel for defendant. Defendant filed a brief *pro se*. As defendant could not personally be present at the oral argument, the Government waived oral argument, and the case was taken on the briefs.

Judgment affirmed.