**UNITED STATES of America,**
**Appellee,**

v.

**Sam J. SCHOR, Appellant.**

**No. 178, Docket 33477.**

United States Court of Appeals
Second Circuit.

Argued Oct. 1, 1969.

Decided Nov. 6, 1969.

Irving Rader, New York City (Murray E. Gottesman, New York City, on the brief), for appellant.

Stuart B. Stillman, Asst. U. S. Atty. (Vincent T. McCarthy, U. S. Atty., for the Eastern District of New York, on the brief), for appellee.

Before FRIENDLY, SMITH and FEINBERG, Circuit Judges.

FEINBERG, Circuit Judge:

Sam J. Schor, a former internal revenue agent, appeals from a judgment of conviction of violating 18 U.S.C. § 201(c) and 26 U.S.C. § 7214(a), subsections (2), (5) and (7), after a trial before a jury and Walter Bruchhausen, J., in the United States District Court for the Eastern District of New York. The four counts on which appellant was convicted all grew out of his alleged receipt of a bribe in connection with his excise tax audit of Brumberger Company, Inc. and related companies. Appellant received concurrent sentences of one year on each of the four counts; he was acquitted on one related count charging him with soliciting the bribe.[1] Appellant claims that his acquittal on that count rendered the evidence against him on the other four insufficient as a matter of law, that the judge's charge was erroneous, and that improper procedures

1. 18 U.S.C. § 201(c). The four counts on which Schor was convicted charged him with criminally receiving a bribe with intent to influence his official decisions, 18 U.S.C. § 201(c), receiving a payment not authorized by law, 26 U.S.C. § 7214(a) (2), making an opportunity for the Government to be defrauded, 26 U.S.C. § 7214(a) (5), and making a false audit report, 26 U.S.C. § 7214(a) (7). Appellant was also acquitted of similar charges on five other counts involving a completely different audit.

were used to comply with various jury requests made during its deliberations. For reasons set forth below, we reject the first two claims but because of the third reverse for a new trial.

I.

In order to understand fully the first two contentions, a brief statement of facts is necessary. From the evidence before it, the jury could have found the following: In January 1964, appellant began an excise tax audit of a group of related companies all owned or controlled by Sidney Brumberger: Brumberger Company Inc. (manufacturer of photographic products), S. B. Manufacturing Company (toy manufacturer), and Brumberger Sales Corp. (the selling organization). The latter purchased products from Luxhall Enterprises, a Brumberger-related partnership, which imported cameras from still another Brumberger-related company. Luxhall was wholly owned by Sidney Brumberger's children, his brother-in-law, and by Stanley Natke, controller of the Brumberger Company. In conducting his excise audit of the Brumberger group, Schor met extensively with Natke between January and July 1964. Schor concluded that Brumberger Company and Luxhall Enterprises owed substantial additional excise tax (at least $2,700 and $9,000 respectively) because sales by related companies to Brumberger Sales were not at arm's length, resulting in an undervaluation of the products sold and the excise tax due. Brumberger Company, through Natke, agreed to pay the $2,700, but the $9,000 from Luxhall remained in dispute. In May or June 1964, Sidney Brumberger spoke to appellant and offered him $500 as a bribe to settle the Luxhall account. Schor said this was not enough, and it was agreed that $2,500 or $3,000 would settle the matter. Subsequently, Brumberger collected $2,000 from the Luxhall partners, pro rata, and contributed $500 or $1,000 himself. Brumberger turned this over to Schor in late June 1964. In September

1964, Luxhall received a letter from the Internal Revenue Service stating that no change was necessary in the amount of excise tax it had reported for the audit period. A subsequent re-audit by another internal revenue agent revealed additional tax due of almost $17,000 because of dealings with Brumberger Sales that were not at arm's length.

■ Appellant claims that his acquittal on count one (soliciting a bribe) renders the evidence insufficient to convict on the remaining four counts. He argues that the jury must have disbelieved Natke, the only witness offering testimony on the soliciting charge, and that without Natke's testimony the whole case against him must fail. Appellant is wrong for a number of reasons. The short answer to his contention is that acquittal by a jury on one count has no collateral estoppel effect with respect to another. See United States v. Carbone, 378 F.2d 420 (2d Cir.), cert. denied, 389 U.S. 914, 88 S.Ct. 242, 19 L.Ed.2d 262 (1967). In addition, the jury need not have disbelieved Natke at all, let alone entirely, in order to acquit Schor on count one—Natke's testimony could well be deemed ambiguous as to who solicited whom and whether there was any clear-cut soliciting at the time. Finally, there is the testimony of Brumberger, who paid the bribe, and that testimony is devastating to appellant on the other four counts.

■ Appellant also contends that the trial court's failure to instruct the jury on the relationship between the Brumberger companies and Luxhall and the alleged lack of arm's length dealing between them was plain error. Appellant's point would be well taken if this "relationship" were an element of the crimes charged. See United States v. Baratta, 397 F.2d 215, 225 (2d Cir.), cert. denied, 393 U.S. 939, 89 S.Ct. 293, 21 L.Ed.2d 276 (1968). However, the Brumberger-Luxhall relationship is not an essential element, but merely evidence against appellant. The trial judge's failure to mar-

shal the evidence in this relatively simple case was not error. United States v. Nuccio, 373 F.2d 168, 174 (2d Cir.), cert. denied, 387 U.S. 906, 87 S.Ct. 1688, 18 L. Ed.2d 623 (1967).

## II.

We turn now to the claim that improper procedures were used after the case was submitted to the jury. After four days of trial, the jury started its deliberations on the afternoon of October 28, 1968. Thereafter, the jury asked two questions and made several requests of the judge.

Turning to the jury's questions, the first was in the form of a note to the judge, received about an hour after jury deliberations commenced:

> Were the witnesses for the prosecution given immunity on excise and income tax from 1960 thru 1963 that were owed the Govt.——before they testified before the Grand Jury.

The judge wrote the answer on the note itself:

> The Answer is No. They were only given immunity from criminal prosecution and not from any excise or income tax liabilities.

The second note was received by the judge a few hours later [2] in the following form:

> Upon Mr. Schor's audit of Brumberger Co. did the fact of whether Brumberger Sales purchased goods from Luxall. or Brumberger Co., Inc.

The judge replied by writing on the note:

> The Answer is No.

As to both notes, appellant argues that the failure to respond to the jury orally in open court and in his presence violated his constitutional rights and Rule 43 of the Federal Rules of Criminal Procedure. The Government apparently claims that counsel agreed to the procedure used.

The issues thus raised are grave and substantial, even if we assume *arguendo* that defense counsel agreed to the substance of the judge's answers to the jury and the procedures used to convey them. The first note raised a question of fact, and were its resolution properly one for the jury, the judge's answer might be thought an invasion of its function. But even in criminal cases parties can stipulate to certain facts,[3] and we would be loath to say that such an agreement in the robing room, for example, but not in the presence of the defendant could never be effective. Appellant's counsel concedes that there was agreement on the answer but not on the procedure used. The second note, however, was incomprehensible; whether on its face it raised with the judge a question of law or of fact we cannot say because we simply do not understand it. As to this note, appellant's counsel says that he does not recall even seeing it and, if he had, he would have requested a clarification from the jury.

As to both notes, we do not know what transpired below and it is conceivable——though hardly probable in the light of the assertions made to us—— that defense counsel consented to the procedure on both and that the meaning of the second note was fully discussed by both counsel and the judge and agreement was reached on the answer to be given to the jury. In both instances, however, the correct practice under Rule 43 would have been to answer the notes in open court in the presence of the defendant and his attorney, even if the meaning of the notes was obvious. See ABA Project on Minimum Standards for Criminal Justice, Trial by Jury § 5.3 and Commentary at 139–145 (Tent.Draft, May 1968). The jury is, in effect, ask-

---

2. At the same time, the jury also requested the transcript of the testimony of a witness for the Government, Charles W. Gardner, as indicated below.

3. United States v. Rodriguez, 241 F.2d 463 (7th Cir. 1957); United States v. Monroe, 164 F.2d 471, 476 (2d Cir. 1947), cert. denied, 333 U.S. 828, 68 S.Ct. 452, 92 L.Ed. 1113 (1948).

ing for additional instruction and this should be given in the proper atmosphere at a time when counsel has a full opportunity to object and to make a proper record. See Shields v. United States, 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787 (1927). When, as in the case of the second note, the meaning is manifestly unclear and clarification should be obtained, it makes even better sense to surround the interchange between jury and judge with formalities so that defendant and his counsel have an adequate opportunity to make their views known. Of the cases cited to us by appellant, two support the proposition that defense counsel, in the absence of defendant, can never effectively consent to informal procedures for answering a jury question. Evans v. United States, 284 F.2d 393 (6th Cir. 1960), and United States v. Neal, 320 F.2d 533 (3d Cir. 1963).[4] However, deprivation of the right of presence guaranteed by Rule 43, with the consent of counsel or even without it, is subject to the rule of harmless error provided in Rule 52(a). Thus, in Rice v. United States, 356 F.2d 709, 716–717 (8th Cir. 1966), the court expressly held that any "presumption of prejudice resulting from" the error of communicating with the jury in the absence of defendant and his counsel was "a rebuttable one." Similarly, many of the recent cases on this subject require at least the possibility of some prejudice to justify setting aside a conviction. E. g., Ware v. United States, 376 F.2d 717 (7th Cir. 1967); United States v. Hoffa, 367 F.2d 698, 713 (7th Cir. 1966), vacated on other grounds, 387 U.S. 231, 87 S.Ct. 1583, 18 L.Ed.2d 738 (1967); Walker v. United States, 116 U.S.App.D.C. 221, 322 F.2d 434, 435–436 (1963), cert. denied, 375 U.S. 976, 84 S.Ct. 494, 11 L.Ed.2d 421 (1964); cf. United States v. Compagna, 146 F.2d 524, 528 (2d Cir.

1944), cert. denied, 324 U.S. 867, 65 S. Ct. 912, 89 L.Ed. 1422 (1945). Whether in a case like the present one the proper standard with respect to harmless error is that of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed. 2d 284 (1969), see United States v. Crutcher, 405 F.2d 239, 244 (2d Cir. 1968), cert. denied, 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219 (1969), or the less rigorous one of Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), we think reversal is required here.

With respect to the first note, the judge apparently answered the question correctly and in a manner that the Government claims had been discussed with counsel. Putting to one side the question whether there was such agreement, it is most difficult to see what would have been added by oral repetition in open court in the presence of defendant. The second note, however, presents the reverse situation; it is impossible to say that reading the note in open court would not have brought a clarification and that the judge's answer to the inquiry was harmless error. The note cannot be answered intelligently in its present form, although it obviously bears in some respect on the relationship between the Brumberger companies and Luxhall. What the effect was of answering the question in the negative, as the judge did, is impossible to reconstruct. But that it did not affect the jury's verdict we cannot say with fair assurance. Accordingly, a new trial will be necessary.

It may also be helpful to discuss briefly the several requests of the jury for copies of the transcript, since the problem may crop up again on the retrial

---

4. In *Evans*, in response to a note, the court gave additional instructions to the jury in open court with counsel present and defendant absent; thereafter, when defense counsel noted that defendant had been absent, defendant was brought into court, and the same instructions were then read by the court reporter to the jury, but this time apparently in the absence of the judge! Defense counsel said, however, that he was satisfied, but the court of appeals was not.

or in other cases. In the late afternoon of the first day of deliberations, the jury wrote a note to the judge:

> Please provide us with transcripts of the trial—particularly Gardner's testimony.
>
> Thank you.

Shortly thereafter, the jury sent another note:

> Please provide us with a transcript of the defendant's testimony.
>
> Thank you.

The jury failed to agree that day and reconvened on the next, when it asked for the testimony of two defense witnesses. In each instance, the transcript was apparently sent to the jury. Appellant argues that this was improper and that the judge should have had the testimony read in open court in the presence of defendant and his attorney. Although the Government responds that defendant's attorney agreed to the procedure, we need not deal with this aspect of the dispute in view of the need for a new trial in any event. Appellant points out that Rule 43 of the Federal Rules of Criminal Procedure calls for the presence of the defendant "at every stage of the trial," but in strict theory, the command of Rule 43 should not require defendant's presence when a transcript is sent to the jury any more than when an exhibit is sent. In either case, the jury gets no more than "what they had already been given." See Downing v. United States, 348 F.2d 594, 601 (5th Cir.), cert. denied, 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155 (1965). For the same reason, such a procedure would not necessarily deprive a defendant of due process or the right to confrontation. See Ware v. United States, *supra.* Although we do not suggest that a trial judge has no discretion in the matter, there is at least one persuasive practical reason why, if a judge accedes to such a jury request, he would generally prefer to have the testimony read in open court and in the presence of defendant.[5] In

this way, it is frequently possible to ascertain more readily whether everything asked for is truly sought. In any event, the judge should consult with counsel for both sides to see if there is disagreement as to what should be submitted to the jury.

Judgment reversed for further proceedings consistent with this opinion.

---

5. See ABA Project on Minimum Standards for Criminal Justice, Trial by Jury § 5.2 and Commentary at 134–138 (Tent. Draft, May 1968).