433 F.2d 1
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jackson Edward HOWARD, Defendant-Appellant.
 No. 29438 Summary Calendar.*
*Rule 18, 5th Cir., See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5th Cir. 1970,
 
 431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 Oct. 15, 1970.
 Millard C. Farmer, Jr., Newnan, Ga., for defendant-appellant.
 William J. Schloth, U.S. Atty., Charles B. Pekor, Jr., Asst. U.S. Atty., Macon, Ga., for plaintiff-appellee.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 WISDOM, Circuit Judge:
 
 
 1
 There is no merit to any of the contentions the defendant raises on this appeal.
 
 
 2
 On February 3, 1970, a four-count indictment was returned charging Franklin Jackson Young and Jackson Edward Howard with: (1) having a still in their possession and control; (2) carrying on the business of distillers without having given bond; (3) carrying on the business of distillers with intent to defraud the United States; and (4) possession of nontaxpaid liquor. Young, who had served time for other liquor violations, pleaded guilty.
 
 I.
 
 3
 The defendant contends that the district court erred in not sustaining his motion to dismiss the indictment on the ground that no minutes of the grand jury testimony were kept. In the trial court the defendant asserted that the indictment was invalid because an unauthorized person was present during the grand jury deliberations and because the grand jury relied solely on hearsay evidence. On appeal, he argues that he has the right to use the minutes to impeach government witnesses who appeared before the grand jury.
 
 
 4
 There is a line of cases holding that grand jury minutes need not be kept. See, e.g., United States v. Harper, 5 Cir., 432 F.2d 100 (September 17, 1970); Baker v. United States, 5 Cir. 1969, 412 F.2d 1069; Loux v. United States, 9 Cir. 1968, 389 F.2d 911; Welch v. United States, 10 Cir. 1966, 371 F.2d 287. The rationale of these cases is as follows: (1) Dennis v. United States, 1966, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973, required disclosure of grand jury testimony because of the inequity of the government having 'exclusive access to a storehouse of relevant fact.' (2) The purpose of the Dennis holding is to equalize the parties in their ability to impeach witnesses on cross-examination. (3) When there is no transcript of grand jury testimony, the government receives no aid in cross-examination. (4) Therefore the absence of transcripts makes the defendant's ability to impeach the same as the government's.
 
 
 5
 This line of decisions answers the defendant's argument to the extent that it is based on equal access to impeaching testimony. But no recent cases deal with the absence of grand jury minutes to determine if the grand jury meetings themselves infringed the defendant's rights, for instance through the presence of an unauthorized person. Arguably the defendant might have a right to see some official records, if not a complete transcript, in order to determine whether any substantive rights were infringed in the grand jury actions.
 
 
 6
 This case does not require us to decide that question. There is no substantive right against indictment based solely on hearsay evidence. Costello v. United States, 1956, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397. And breaching the secrecy of the grand jury to show denial of rights in its deliberations requires a showing of need, just as when impeachment is the purpose. See United States v. Bitter, 7 Cir. 1967, 374 F.2d 744; United States v. Wolfson, D.Del.1968, 294 F.Supp. 267. The defendant's assertions regarding the presence of an unauthorized person were mere speculations, unsubstantiated in any way. They would not require the production of testimony even if it were available.
 
 II.
 
 7
 The defendant contends that the district court erred in answering a note from the jury without consulting the defendant or his attorney. When the jurors were being polled on their verdict, one of them, Mr. Marshall, stated,
 
 
 8
 The fact that I said guilty on the first three counts was because I said that the Defendant was guilty on the 4th Count. Well, I sent a message, I believe, that if he was guilty on the 4th Count and you said this constituted him being guilty on the other counts which is the only reason that I said he was guilty on 1, 2, and 3 on the principle of aiding and abetting.
 
 
 9
 The message to the judge and the answer were not available. The foreman said that he had sent a note asking whether the defendant could be guilty on counts one through three on the principle of aiding and abetting; this corresponded with the judge's recollection of the matter.
 
 
 10
 Responding to this question out of the presence of defendant and his counsel was improper. See United States v. Schor, 2 Cir. 1969, 418 F.2d 26; ABA Project on Minimum Standards for Criminal Justice, Trial by Jury 5.3 and Commentary at 139-45 (Tent. Draft, May 1968). The purpose of having colloquys between the judge and jurors in the presence of counsel is to enable them to make objection to the judge's statements of the law and to clear up any failure of communication between judge and jury. What occurred in this case is not clear. But it is possible that Mr. Marshall's question, changed in transmission by the foreman, was whether he was required to vote guilty on the first three counts because he had voted guilty on count four. The very ambiguity of Mr. Marshall's question demanded an opportunity for the defendant's attorney to clear up any lack of clarity.
 
 
 11
 Our case of Estes v. United States, 5 Cir. 1964, 335 F.2d 609, 617, is not in point. There the jury asked for definitions of crimes and the judge drafted replies in the same words as the charge in chief earlier delivered. More important, counsel was present in the judge's chambers during the determination of the reply. The objection in that case was to the absence of the defendant. We found even his absence a bad practice, but refused to reverse because his absence was harmless error.
 
 
 12
 Here, too, the judge's answer to the juror's question in the absence of the defense attorney and the defendant does not require reversal in this case. The record shows that the jury reached a conclusive and unanimous agreement that the defendant was guilty as to count four of the indictment before sending the note or receiving the court's reply. Since the defendant received concurrent sentences on each count, any error relating solely to the other three counts has not prejudiced him in any respect. See Ray v. United States, 8 Cir. 1940, 114 F.2d 508, 413, cert. den'd, 311 U.S. 709, 61 S.Ct. 318, 85 L.Ed. 461.
 
 
 13
 This Court has considered all of the defendant's other contentions raised on this appeal. They do not merit any discussion.
 
 
 14
 The judgment is affirmed.