Frank KRISCHE a/k/a Joseph Boyd,
Petitioner-Appellee,

v.

Harold J. SMITH, Superintendent, Attica
Correctional Facility,
Respondent-Appellant.

No. 38, Docket 81–2072.

United States Court of Appeals,
Second Circuit.

Argued Sept. 1, 1981.

Decided Nov. 4, 1981.

Lew A. Millenbach, Asst. Atty. Gen., Albany, N. Y. (Robert Abrams, Atty. Gen., William J. Kogan, Asst. Sol. Gen., Albany, N. Y., on the brief), for appellant.

Stanley Neustadter, New York City, for appellee.

* The Honorable Warren W. Eginton of the United States District Court for the District of Connecticut, sitting by designation.

Before NEWMAN and KEARSE, Circuit Judges, and EGINTON,* District Judge.

EGINTON, District Judge:

Appellant is the Superintendent of the Attica Correctional Facility. He appeals from an order entered on January 28, 1981 by Judge John T. Elfvin of the United States District Court for the Western District of New York directing the issuance of a writ of habeas corpus in favor of the petitioner, Frank Krische.

The petitioner had been convicted in New York Supreme Court, Queens County, on one count of robbery in the first degree and one count of robbery in the second degree. His conviction was affirmed by the Appellate Division, Second Department, and leave to appeal to the New York Court of Appeals was denied. Thereafter, Krische filed a *pro se* petition with the United States District Court seeking the issuance of a writ of habeas corpus on the basis of four separate claims. The District Court's threshold inquiry was as to whether each claim had been so presented to the state appellate court as to give that court a fair opportunity to consider the constitutional dimensions of the claim. The District Court found three of the four claims had been presented to the state appellate court solely as issues of state law, and that such a presentation does not satisfy the exhaustion requirements of the Federal habeas corpus statute, 28 U.S.C. § 2254. *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The court however found that one issue had been fairly presented during the state proceedings and was therefore appropriate for review on the merits. This claim alleged that the state court trial judge had improperly instructed the jury through a court officer during the course of its deliberations, without notice to the defendant or his counsel.

In support of his contention that the constitutional dimensions of his claim had been

fairly brought to the attention of the state appellate court, the petitioner has annexed to his brief on this appeal pertinent excerpts from his state appellate brief. These excerpts fully substantiate his contention that at no less than five different portions of the brief dealing with this point he made reference to constitutional violations, including four specific references to the due process clause of the Constitution of the United States. The district court was correct in its ruling that the exhaustion requirements of the Federal habeas corpus statute had been satisfied. This court has on several occasions found the exhaustion requirement to have been satisfied under conditions involving far less obvious notice than is found in this petitioner's state appellate brief. Most recently in *Washington v. Harris*, 650 F.2d 447, 450 n.2 (2d Cir. 1981), exhaustion was found on the basis of a single one-sentence footnote in an appellate brief, this court in its own footnote stating that "We do not accept the remarkable premise that the Appellate Division does not read the footnotes of briefs submitted to it." Additional examples of the exhaustion requirement being satisfied by references more tenuous than the instant five locations are presented by *Rivera v. Harris*, 643 F.2d 86, 91 n.3 (2d Cir. 1981) (brief of petitioner's counsel relied solely on state law claims, but petitioner's *pro se* brief invoked Fourteenth Amendment claims) and *Twitty v. Smith*, 614 F.2d 325, 331–32 (2d Cir. 1979) (no express citation of the Constitution, but a statement that conduct constituted a "violation of defendant's right to due process and to effective aid of counsel.").

The issuance of the writ of habeas corpus on the merits of this sole claim considered by the district court presents a far closer question. The facts set forth in the opinion and supported by the record are as follows. The jury retired to commence its deliberations at 12:55 in the afternoon. However, luncheon recess followed immediately, from 1:00 until 2:30 p. m., so that deliberations effectively commenced after that recess. At 3:10 p. m. the jury returned to the courtroom for the reading of witness testimony, during which reading the defendant was present. The jury resumed deliberations at 3:35 p. m., recessed for dinner at 6:00 and resumed deliberations at 7:30 p. m. Two hours later, at 9:30, the jury returned to render its verdict. However, before summoning the jurors, the trial judge informed counsel for the first time that at 8:10 p. m., forty minutes after resuming its post-dinner deliberations, the jury had sent the judge a note indicating inability to reach agreement. The Judge then dispatched a court officer to the jury room, without notice to counsel or the defendant, instructing the officer to advise the jury to continue deliberations because "it's not soon enough."

Counsel made no objection at the time, and the jury was summoned and delivered its verdict of guilty on a count of robbery in the first degree. Subsequently the jury, informed that it must render a verdict on the second count, returned a verdict of guilty on that count also. The jury was then polled and excused, whereupon defense counsel, through the court, interrogated the court officer as to exactly what was stated by the officer to the jurors. The officer responded "I told them the Judge said to continue deliberations. It's not soon enough." On appeal from the convictions, defendant claimed that his presence at all phases of a felony prosecution is a condition of due process under the Fourteenth Amendment to the Federal Constitution, "whenever his presence has a relation, reasonably substantial to the fullness of his opportunity to defend against the charge. . . ." (App. to appellee brief p. 11).

As a general proposition, the validity of defendant's contention is not open to challenge. The fundamental right of the defendant to be present at every stage of a criminal trial has repeatedly been affirmed by the Supreme Court, most recently in *Rogers v. United States*, 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975). *Rogers* bears special significance to the instant case because it too involved conduct of a trial judge in responding to a written communication from the jury without convening

court or advising defendant or his counsel of the jury's message or of the court's reply. See *Shields v. United States*, 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787 (1927).

Our inquiry, however, cannot end with citation of the general proposition. A violation of the defendant's rights may, under limited circumstances, constitute harmless error and therefore not justify the reversal of a conviction. There is no "bright line" standard appropriate to appellate review of this question. The Supreme Court in *Rogers* did not even enunciate a standard, but nevertheless cited two Second Circuit decisions, likewise relied upon by the district court below, in which alternative standards had been considered. In *United States v. Schor*, 418 F.2d 26, 30 (2d Cir. 1969) and *United States v. Glick*, 463 F.2d 491, 494 n. 12 (2d Cir. 1972) this court had noted that one standard with respect to harmless error is that set forth in *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967), which applied the familiar criminal standard of "beyond a reasonable doubt" and that another less rigorous standard is that set forth in *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946), involving a "fair assurance. ... that the judgment was not substantially swayed by the error." The several decisions in this circuit reviewing the conduct of a trial judge in sending messages to a deliberating jury without notice to defendant or his counsel uniformly has been decided without any significant distinction between the two standards, (meaning that the requirement of the less rigorous *Kotteakos* standard had been met) a practice adhered to by the district court below. Most recently, however, this court has found reversible error by applying only the *Kotteakos* standard of fair assurance. *United States v. Ronder*, 639 F.2d 931, 935 (2d Cir. 1981).

Appellant has advanced four arguments as to why the district court should have found harmless error in the circumstances of this case. Appellant claims first that the message itself was neutral and non-prejudicial; second, that defense counsel failed to object upon learning of the message, thus indicating his view of the harmless nature of the message; third, that the jury was polled before being dismissed, and finally that the evidence in the case was found by the state appellate court to have been overwhelming in support of conviction.

As to the first point, it is true that under some circumstances, this court has found harmless error when a trial judge has instructed a jury during its deliberations without notification to counsel. The critical distinguishing factor in these cases appears to be the extent of the deliberations after the improper communication. In *United States v. Rodriguez*, 545 F.2d 829, 830–1 (2d Cir. 1976), this court affirmed a conviction despite the failure of the trial judge to notify counsel that he instructed the jury to continue deliberating when it had indicated a deadlock. This court noted that the jury deliberated for three full hours after having received the judge's mandate to continue, and that during the course of that period, the court notified defense counsel of his instructions, at a time when the jury was still deliberating and no verdict had been reached. In *United States v. Taylor*, 562 F.2d 1345, 1366 (2d Cir. 1977), cert. denied *sub nom. Salley v. United States*, 432 U.S. 909, 97 S.Ct. 2958, 53 L.Ed.2d 1083 (1977), defendant's conviction was affirmed despite the trial court's undisclosed communication with one of the jurors, because this court found that deliberations continued for almost two full days after the incident occurred, and there was no indication that the juror's personal problem in any way affected the deliberations of the jury, especially since the juror had indicated to the judge that he was willing to continue to serve. It is significant that in each of these affirmances, this court noted the seriousness of the trial judge's conduct and the importance of defendant's participation at all stages of the trial.

In the instant case, as the district court found, the jury deliberated for only an hour and twenty minutes after receiving the instruction to continue deliberation, and there were no further requests made by the jury during that period. Counsel were not in-

formed of the court's message to the jury until the jury returned with its actual verdict on the first count. In that sense, these facts bear close relationship to the situations which mandated reversal in *United States v. Glick*, 463 F.2d 491 (2d Cir. 1972) (almost immediate verdict) and in *United States v. Ronder*, 639 F.2d 931 (2d Cir. 1981) (one-half hour after improper communication). There was likewise strong similarity to the situation requiring reversal by Supreme Court in *Rogers v. United States*, 422 U.S. 35, 37, 95 S.Ct. 2091, 2093, 45 L.Ed.2d 1 (1975) (verdict rendered within five minutes after improper communication).

As to the second contention of the appellant, the failure of defense counsel to object, there is ample precedent to the effect that the conduct of defense counsel, as distinct from the defendant himself, may be immaterial to the enforcement of the basic constitutional right of presence during the trial. In *United States v. Schor*, 418 F.2d 26, 30 (2d Cir. 1969) this court noted cases from other circuits supporting the proposition "that defense counsel, in the absence of defendant, can never effectively consent to informal procedures for answering a jury question." To the same effect is the opinion of this court in *United States v. Crutcher*, 405 F.2d 239, 243 (2d Cir. 1968).

In any event, as the district court noted in its opinion below, the timing of the notification to counsel was such as to render any effective assistance to his client virtually impossible. The jury had already reached its verdict on the first count when counsel first learned of the court's *ex parte* message. The opportunity to participate in the drafting of a proper form of *Allen* charge was lost.[1] In that connection, the appellant's citation of several cases construing the propriety of various *Allen* charges is beside the point, since those cases dealt with charges framed and delivered in the presence of the defendant and his counsel. The issue here is not whether the language of the court's communication with the jury in itself constituted reversible error, but

rather whether the input of the defendant and his counsel at the appropriate moment could have substantially affected the content of the message to the jurors during a vital portion of their deliberations when, far from reaching any verdict, they had reported a deadlock.

The final contentions of the appellant are that the jury was polled after the verdict, and its unanimity was supported by the strength of the evidence against the defendant as found by the state appellate court, a combination which supports a finding of harmless error. Those arguments were effectively rejected by the district court. We concur fully in its conclusion that the polling of a jury hardly reveals, much less remedies, the type of prejudice that can result when a jury is told to keep deliberating, but given no guidelines as to the balance required in the deliberations. Though the evidence of guilt was substantial, it obviously left some portion of the jury unpersuaded when the deadlock was reported, and the error relates directly to the denial of an opportunity to be sure that the dissenting members of the jury understood the standard applicable to further deliberations at that critical juncture. *See Bollenbach v. United States*, 326 U.S. 607, 611–13, 66 S.Ct. 402, 404–05, 90 L.Ed. 350 (1946).

Having thus reviewed the record in the light of the important due process considerations involved, and having in mind this court's most recent review of the same issues in *United States v. Ronder*, 639 F.2d 931, 935 (2d Cir. 1981), we follow the standard used there and by the district court below. We cannot say "with fair assurance" that the basic error involved in the state court's *ex parte* communication with the jurors did not affect the verdict. The order of the district court is affirmed.

---

1. *Allen v. United States*, 164 U.S. 492, 501, 17 S.Ct. 154, 157, 41 L.Ed. 528 (1896), approved a general form of balanced instruction by the court to a deadlocked jury, urging continued deliberations to reach agreement if possible, but with a reminder that a juror may not cast a vote for a verdict against his conscientiously held individual belief.