**Terrence G. JOHNSON**

v.

**STATE OF MARYLAND.**

**Civ. No. Y–82–3302.**

United States District Court,
D. Maryland.

May 10, 1983.

---

Keith R. Fisher, Michael F. Zeldin, Washington, D.C., for Johnson.

Philip M. Andrews, Asst. Atty. Gen., Baltimore, Md., for State of Md.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Petitioner Terrence Johnson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from convictions for voluntary manslaughter and use of a handgun in the commission of a crime of violence. Petitioner alleges that his constitutional right to effective assistance of counsel was infringed because his trial counsel was not informed of the substance of an *in camera* off-the-record conversation between the trial judge and a juror. Respondent filed an answer arguing that petitioner did not exhaust his available state remedies and, in any event, petitioner's constitutional rights were not violated. Because the Court concludes that petitioner did not fully present his right to counsel claim to the Maryland courts, the Court will dismiss the petition without prejudice to petitioner's right to re-file for a writ of habeas corpus once he has exhausted his available state remedies.

On March 18, 1980, petitioner filed a petition for post-conviction relief pursuant to Md.Code Art. 27, § 645A in the Circuit Court for Prince George's County. In his amended petition dated May 12, 1980, petitioner alleged:

> After issuance of the mandate of the Court of Special Appeals [affirming the convictions], counsel for the defendant were advised by the National Jury Project that in the course of post-trial interviews with the jurors they inadvertently learned that during the trial one of the jurors, Jacqueline Ball, had an *ex parte* meeting with the trial judge....
>
> Neither defendant nor defendant's counsel were present at this meeting....
>
> By his omissions, the trial court denied the defendant his rights guaranteed under the Maryland Declaration of Rights, the United States Constitution and the Maryland Rules of Procedure to be present at every stage of the trial, to have the assistance of counsel, to challenge a juror for cause, to exercise peremptory challenges intelligently and without impairment, to be tried by a jury of competent jurors, and to be notified of any communication from the jury to the court pertaining to the case.

Thus, in his amended petition for post-conviction relief, petitioner set forth the facts about the *in camera* conversation between the trial judge and a juror and alleged that

those facts constituted various deprivations of his procedural rights under both Maryland and federal law including, *inter alia,* the right to effective assistance of counsel.

Notwithstanding the allegations made in the amended petition, petitioner's counsel stated at the post-conviction hearing that:

> The only issue that is raised today is whether or not Terrence Johnson was denied his constitutional right to be present at every stage of the trial. M1–3.

Indeed, a review of the transcript of the post-conviction hearing unmistakably indicates that the only legal claim advanced by petitioner was that he was denied his constitutional right to be present. The transcript of the post-conviction hearing does not contain any references whatsoever to the allegation that petitioner was denied his right to counsel. Further, Judge Chasanow's five page opinion denying post-conviction relief focuses only on the right to presence claim and does not even mention the right to counsel claim.

Most significantly, petitioner's application for leave to appeal Judge Chasanow's decision also doesn't mention the right to counsel claim. Instead, petitioner's application, like the post-conviction hearing and Judge Chasanow's opinion, makes clear that the only legal claim that petitioner was asserting was that he was denied his right to be present. The Court of Special Appeals, in denying the application, stated that the "sole issue raised in the application is that applicant was denied his right to be present at a critical state of his trial."

Under these circumstances, the Court concludes that petitioner did not present his claim that he was denied effective assistance of counsel to the Maryland courts. It is apparent that both Judge Chasanow and the Court of Special Appeals believed that the only legal claim contained in the petition for post-conviction relief was that petitioner was denied his right to be present. While petitioner did allege denial of effective assistance of counsel along with a variety of other claims in his amended petition, it is abundantly clear that petitioner abandoned these claims by failing to mention them at the post-conviction hearing or in his application for leave to appeal.

The Court's conclusion is strongly supported by *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). In *Picard* a habeas petitioner alleged in the state courts that the indictment procedure employed in his case was invalid under the Indictment Clause of the Fifth Amendment. After the state courts rejected this contention, petitioner filed for a writ of habeas corpus in federal court reiterating his Indictment Clause claim. Although the district court dismissed the petition, the Court of Appeals issued the writ because it found that the indictment procedure violated the Equal Protection Clause. In reversing the Court of Appeals, the Supreme Court held that the Court of Appeals erred in considering whether the indictment procedure violated the Equal Protection Clause since that claim had not been presented to the state courts. The Court emphasized that, even though the facts underlying the Equal Protection Clause claim were presented to the state courts, the claim was unexhausted since the state courts were not given a "fair opportunity" to rule on the precise legal theory relied on by the Court of Appeals in issuing the writ. *Cf. Krische v. Smith,* 662 F.2d 177 (2d Cir.1981) (mention of claim at five different places in petitioner's brief constituted exhaustion).

Petitioner argues that even if this Court concludes that he did not exhaust his right to counsel claim, that claim should be deemed exhausted because in the factual context of this case the right to counsel claim is coextensive with the right to presence claim which was exhausted. *See Picard,* 404 U.S. at 277–78, 92 S.Ct. at 513. Although the two legal claims are obviously related, they are not coextensive. Different lines of analysis and different bodies of case law have developed for the two claims. *Compare United States v. Morrison,* 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981) *with Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). The Maryland courts relied exclusively on right

to presence analysis and it would be presumptuous for this Court to impliedly hold that their decisions would be the same under right to counsel analysis. Indeed, petitioner himself recognizes the varying analyses for the two claims when he relies on completely different cases and legal theories in pressing his right to counsel claim in this Court than he did in the Maryland courts on his right to presence claim.

The differences between right to counsel analysis and right to presence analysis might bear on waiver and standard of review, two issues of considerable importance to the resolution of petitioner's claims. *See Krische,* 662 F.2d at 180 (impliedly suggesting different standards for waiver when, as in the instant case, counsel was notified that the meeting was going to take place but failed to object); *Spain v. Rushen,* 543 F.Supp. 757, 768, n. 9 (different standards of review for the two claims).

Lastly, petitioner requests leave to amend his petition to include the exhausted right to presence claim. Even if the Court granted the leave to amend, *see* Fed.R.Civ.P. 15, adding the right to presence claim would still leave petitioner with one unexhausted claim in his petition. In *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court held that where a petition contains both exhausted and unexhausted claims, it must be dismissed for failure to comply with the exhaustion requirement of § 2254. Consequently, granting petitioner leave to amend would not cure the fact that petitioner has not exhausted his available state remedies.

For the reasons stated herein, it is this 10th day of May, 1983, by the United States District Court for the District of Maryland, ORDERED:

1. That the petition BE, and the same IS, hereby DISMISSED WITHOUT PREJUDICE to the petitioner's right to re-file for a writ of habeas corpus once he has exhausted his available state remedies; and

2. That the Clerk forward a copy of this Memorandum and Order to counsel for the petitioner and the Attorney General of Maryland.