SHARP, Judge,
dissenting.
If adherence to Florida Rule of Criminal Procedure 3.410 is not strictly required, it may be more often not followed than followed. Further, I think that requiring the defendant to demonstrate that the breach of the rule was not harmless error is too great a burden because it opens the door to speculation about what counsel might have argued had they been given the chance.
Notice to counsel of the jury’s questions and the judge’s proposed response should be required in all cases where the inquiry is germane to the trial. Counsel have legitimate rights to make comments and suggestions concerning the text of the court’s instructions to the jury, regardless of whether the instructions occur before or after the jury retires. After the jury has retired, counsel should be allowed to object and comment on the method of response, including whether the question should be answered at all. The denial of these rights violates the defendant’s constitutional guaranty to due process of law. Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934); Dowdell v. United States, 221 U.S. 325, 31 S.Ct. 590, 55 L.Ed. 753 (1911). See also United States v. United States Gypsum Company, 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978); Shields v. United States, 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787 (1927); Fillippon v. Albion Vein Slate Company, 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 76 (1919); Slinsky v. State, 232 So.2d 451 (Fla. 4th DCA 1970).
I do not think that Rose v. State, 425 So.2d 521 (Fla.1982), cert. denied, — U.S. —, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), or Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982), alters the application of Ivory v. State, 351 So.2d 26 (Fla.1977), to this case. In Rose, the supreme court sustained the trial court when it gave an Allen charge on its own initiative without allowing counsel advance notice of its inten *1093 tions.[1] Defense counsel was present when the charge was given and he did have a chance to object after it was given. Technically Rose does not involve rule 3.410 because the jury did not “request additional instructions or to have any testimony read to them....”
Similary in Hitchcock, the inquiry from the jury involved an issue beyond the scope of their deliberations. The jury was determining guilt in a first degree murder case, and inquired about the penalty phase. The court reasoned that this inquiry was outside the scope of rule 3.410 because it was not germane to their deliberations. It could be dismissed as irrelevant, rather like an inquiry by the jury as to what time it was, or when they could break for lunch.
However, in this case the jury did initiate the inquiry and the substance of the inquiry related to the evidence in the case. We are directly confronted by a violation of rule 3.410, unlike in Rose and Hitchcock. Under these circumstances, Ivory mandates a reversal.
As a general rule, it is error for a judge to respond to a jury’s question without the parties being present and having the opportunity to discuss the request.
Hitchcock at 744.
Nor are the federal cases contrary to this view. The Court in Rushen v. Spain, — U.S. —, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983), cited with approval Rogers v. United States, 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975), a case factually much more similar to this case than Rushen, involving a jury’s request for further instructions. The Court cited Federal Rule of Criminal Procedure 43 and noted:
Cases interpreting the Rule make it clear, if our decisions prior to the promulgation of the Rule left any doubt, that the jury’s message should have been answered in open court and that petitioner’s counsel should have been given an opportunity to be heard before the trial judge responded. See, e.g., United States v. Schor, 418 F.2d 26, 29-30 (CA2 1969); United States v. Glick, 463 F.2d 491, 493 (CA2 1972).
Rogers, 422 U.S. at 39, 95 S.Ct. at 2095. The Court stated further:
Although a violation of Rule 43 may in some circumstances be harmless error, see Fed. Rule Crim.Proc. 42(a); United States v. Schor, supra, the nature of the information conveyed to the jury, in addition to the manner in which it was conveyed, does not permit that conclusion in this case.

Id.

I would reverse on the authority of Ivory.

. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).