*Morris v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of June, two thousand thirteen.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LESLIE MORRIS,

> *Petitioner-Appellant,*

> -v.-                                                                No. 11-2369

UNITED STATES OF AMERICA,

> *Respondent-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PETITIONER-APPELLANT:** | Leslie Morris, *pro se*, Pine Knot, KY. |
| **FOR RESPONDENT-APPELLEE:** | Alina P. Reynolds, Robert M. Spector, Assistant United States Attorneys, *for* David B. Fein, United States Attorney, United States Attorney's Office for the District of Connecticut, Bridgeport, CT. |

1

Appeal from a May 12, 2011 order of the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 12, 2011 order of the District Court be **AFFIRMED**.

Petitioner-appellant Leslie Morris, proceeding *pro se*, appeals from an order of the District Court denying his 28 U.S.C. § 2255 motion. Morris argues that at his original trial the District Court erred (1) by allowing the jurors to take home copies of the jury charge for one night, and (2) by responding to the jury note seeking permission do so in the absence of Morris's counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

Pursuant to § 2255, a federal prisoner may collaterally attack his sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). In considering a denial of a motion for relief under § 2255, we review a district court's conclusions of law *de novo* and its factual findings for clear error. *Rivera v. United States*, --- F.3d----, No. 11-5155-pr, 2013 WL 2278408, at *2 (2d Cir. May 24, 2013).

This appeal concerns the District Court's response to a note submitted by the jury on the evening of the first day of deliberations. In the note, the jurors asked whether they could take copies of the jury charge, which at 110 pages was particularly long and complex, home with them to read. Upon receiving the note, the District Court attempted to find trial counsel, but the attorneys had already left for the evening. Given the nature of the request, the District Court decided to permit the jurors to take home copies of the charge (for one night only), but first instructed them not to consider outside law or to discuss the case with anyone. The next day, upon learning that the jurors took home copies of the charge, defense counsel objected. Morris now renews that objection on appeal.

### A. Permitting the Jury to Take Home the Charge

First, Morris argues that the District Court erred in permitting the jurors to bring copies of the jury charge home with them for one night because, in Morris's view, this decision encouraged independent, rather than group, deliberation. We recently addressed an analogous situation where a

---

[1] We note that the government argues for the first time on appeal that Morris's claim is procedurally defaulted because he did not raise it on direct appeal. "However, because the government failed to raise its procedural default defense in the district court, it is precluded from doing so now." *United States v. Canady*, 126 F.3d 352, 360 (2d Cir. 1994). Accordingly, we address the merits of Morris's claim.

district court allowed "the members of the jury—after the beginning of jury deliberations and after receiving various cautionary instructions—to take the indictment home to read on their own time." *United States v. Esso*, 684 F.3d 347, 349 (2d Cir. 2012). We saw "no harm in such private 'deliberations,' which may in fact enable jurors to participate more thoughtfully in the collective process of reaching a verdict." *Id.* at 351. We have no reason to reach a contrary conclusion in this case, where the District Court permitted the jurors to read a particularly lengthy and complicated charge at home, after instructing them not to consider outside facts or law or to discuss the case with anyone.

Accordingly, we conclude that Morris's claim that the court should not have allowed the jurors to take the jury charge home with them because it may have encouraged "private deliberations" or invited jurors to conduct independent investigation is without merit.

### B. Answering the Note Without Defendant or His Counsel Present

Second, Morris claims that his constitutional rights were violated when the District Court responded to the jury note without the presence of defense counsel. We have explained that a defendant has a right, rooted in the Sixth Amendment Confrontation Clause and Fifth Amendment Due Process Clause, to be present at every stage of a trial. *See United States v. Collins*, 665 F.3d 454, 459 (2d Cir. 2012); *see also* Fed. R. Crim. P. 43(a)(2) (requiring the defendant's presence at "every trial stage").[2] We have also observed that the right to be present "extend[s] to require that messages from a jury should be disclosed to counsel and that counsel should be afforded an opportunity to be heard before the trial judge responds." *Collins*, 665 F.3d at 459 (quotation marks omitted). Indeed, we have set forth the following guidelines for the "proper practice" in handling a jury note: "(1) the jury inquiry should be in writing; (2) the note should be marked as the court's exhibit and read into the record with counsel and defendant present; (3) counsel should have an opportunity to suggest a response, and the judge should inform counsel of the response to be given; and (4) on the recall of the jury, the trial judge should read the note into the record, allowing an opportunity to the jury to correct the inquiry or to elaborate upon it." *United States v. Mejia*, 356 F.3d 470, 475 (2d Cir. 2004).

The parties do not dispute that the District Court failed to read the note into record with defense counsel present and to afford defense counsel an opportunity to suggest a response.

---

[2] In relevant part, Rule 43 provides:

**(a) When Required.** Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:

**(1)** the initial appearance, the initial arraignment, and the plea;

**(2)** every trial stage, including jury impanelment and the return of the verdict; and

**(3)** sentencing.

Fed. R. Crim. P. 43(a).

However, "[n]ot every violation of a defendant's right to be present will result in reversal[;] [s]uch a violation only requires reversal if it is not harmless." *Collins*, 665 F.3d at 460.

We have noted "[t]here is some conflicting authority regarding the standard of review applicable to the harmless error analysis" in this context. *Id.* Indeed, in some cases we have "stated that a violation of a defendant's right to be present is not harmless if his 'absence created any reasonable possibility of prejudice,'" *id.* (quoting *United States v. Fontanez*, 878 F.2d 33, 37 (2d Cir. 1989)), while in others "we have analyzed this type of case under a more deferential standard: whether the court can say with 'fair assurance . . . that the judgment was not substantially swayed by the error.'" *Collins*, 665 F.3d at 461 (quoting *Krische v. Smith*, 662 F.2d 177, 179 (2d Cir. 1981)). Nonetheless, we need not resolve this issue here because under either formulation there is no doubt that the error was harmless.

Indeed, it is clear from a review of the record that defense counsel's absence did not create any reasonable possibility of prejudice. The jury's note did not involve a substantive question of law; it merely asked an administrative question, *i.e.*, whether the jurors could use their time at home to read through the lengthy charge. *See United States v. Ballistrea*, 101 F.3d 827, 837 (2d Cir. 1996) (no reversible error where the communication with the jury "largely concerned administrative matters"). Unlike cases in which we have found prejudice resulting from the absence of defense counsel, the wording of the District Court's response in this situation was not significant, *cf. United States v. Ronder*, 639 F.2d 931, 934 (2d Cir. 1981), and the note came at the beginning of the jury's six-day deliberation, *cf. Collins*, 665 F.3d at 463-64, and in no way guided the jury's verdict. In short, we are confident that, under any standard of review, the District Court's error in responding to the jury's note in the absence of defense counsel was, in these circumstances, harmless.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the May 12, 2011 order of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4