## SHIELDS *v.* UNITED STATES.

ON PETITION FOR A WRIT OF CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 944.   Petition submitted March 21, 1927.—Decided April 11, 1927.

1. Where a respondent to a petition for certiorari advises the Court that he can find no ground for opposition, and, therefore, will file no opposing brief and, if the writ issues, will submit the case without further hearing, the Court, upon granting the writ, may proceed at once to a decision of the merits.   P. 587.

2. A request in chambers, joined in by the district attorney and counsel for defendants in a criminal case, that the jury be held in deliberation until they should agree upon a verdict, should not be construed as authorizing the judge, out of court, and without the presence of the defendants or their counsel, to receive from the jury a verdict announcing their findings of agreement as to some and disagreement as to other defendants, and to return a written instruction that they also find guilty or not guilty those as to whom they had disagreed.   P. 587.

3. When a jury has retired to consider its verdict, written instructions should not be sent without notice to the defendant or his counsel.   P. 588.

7 F. (2d) 69, reversed.

PETITION for a writ of certiorari to review a judgment of the Circuit Court of Appeals affirming a conviction of conspiracy to violate the Prohibition Act.   For reasons explained in the opinion, granting of the writ is accompanied by a disposition of the case under it.

*Mr. E. Lowry Humes* for petitioner.

*Solicitor General Mitchell, Assistant Attorney General Willebrandt,* and *Mr. John J. Byrne,* Attorney in the Department of Justice, for the United States.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The question here for review is the judgment of the Third Circuit Court of Appeals, of February 14, 1927.

A petition for certiorari was filed in this Court February 28, 1927, and is this day granted. For reasons to be explained, we proceed at once to consider the case on its merits.

Shields, the petitioner, was indicted and tried with eight or nine others for conspiracy to violate the Prohibition Act, and also for direct violations of the Act. He was convicted of conspiracy and acquitted of the other charges. The case had been submitted to the jury, February 12, 1926. Before the court convened the next morning, the jury still being out, counsel for the defendants and the Assistant United States Attorney in charge of the prosecution visited the trial judge in chambers and requested that the jury be held in deliberation until they should agree upon a verdict. Shortly after the opening of the court, the jury returned for additional instructions on the subject of entrapment, and having received the same, retired for further deliberation. At 2.30 o'clock that afternoon, the jury again returned to court, in the absence of petitioner and his counsel, and reported that they could not agree. What instructions, if any, were then given the jury the record does not disclose. It appears that the jury again retired to deliberate, and between 4.30 and 5.00 o'clock in the afternoon sent from their jury room to the judge in chambers the following written communication:-

"We, the jury, find the defendants John G. Emmerling, Charles Lynch not guilty on all counts, E. W. Hardison, J. E. Hunter and J. L. Simler guilty on all counts. Daniel J. Shields, Harry Widman, J. M. Gastman unable to agree.                    Signed, E. B. MILLIGAN,

Foreman."

The judge from his chambers sent back the following written reply:

" The jury will have to find also whether Shields, Widman and Gastman are guilty or not guilty.

F. P. SCHOONMAKER,

Judge."

These communications were not made in open court, and neither the petitioner Shields nor his counsel was present, nor were they advised of them. Shortly after, the jury returned in court and announced the following verdict:

"We, the jury, find that the defendants John G. Emmerling, Charles Lynch, not guilty on all counts. E. W. Hardison, J. L. Simler, J. E. Hunter guilty on all four counts. Daniel J. Shields, Harry Widman, J. M. Gastman guilty on first count and recommended to mercy of court. Not guilty on 2nd, 3rd and 4th counts, this 13th day of February, 1926.

E. B. Milligan,<br>Foreman."

Upon this verdict the court rendered its judgment sentencing Shields to pay a fine of $2,000 and to be imprisoned in jail for one year. Shields then filed in court a petition alleging that not until April 21, 1926, more than two months later, did he or his counsel have any knowledge of the tentative verdict sent by the jury to the judge in chambers, or of the reply thereto by the judge, and praying that he be allowed an exception to the action of the judge in sending the reply. The court refused to grant the petition, for the reason as stated by it,

" that counsel for the defendant, Daniel J. Shields, requested the court to hold the jury in deliberation until they should agree upon a verdict, and therefore when the court received the communication from the jury, it was returned with the instructions complained of, although it is true that the defendant's counsel was not present when the communication was handed to the court from the jury.

(Sgd) Per Curiam,<br>S."

An exception was allowed, however, to the foregoing
refusal to grant an exception, the record reciting in this
respect:

" *Eo die* an exception to the above refusal to grant an
exception is hereby noted to the defendant, Daniel J.
Shields.

F. P. Schoonmaker,<br>Judge."

Shields took the case to the Circuit Court of Appeals,
assigning, among other errors the action of the District
Court in sending the communication to the jury and the
refusal of the court to grant an exception to that action.
The Circuit Court of Appeals, in affirming the judgment,
said:

" The justified reliance of Court on the request of coun-
sel; avoidance of abortive mistrials and the timely admin-
istration of a court's work, based on the verdict of a jury
which had evidence to support it, all unite in making the
case one where with one breath a court can not be asked
by counsel to take a step in a case and later be convicted
of error, because it has complied with such request, for
as is said in 17 Corpus Juris 373-4, 'A defendant in a
criminal case can not complain of error which he himself
has invited.' "

The petitioner urges, first, that the request joined in
by counsel for the defendants, that the jury be held in
deliberation until they had reached a verdict, could not
be properly construed as a consent that the court might
communicate with the jury out of court and in the ab-
sence of the defendants and their counsel; second, that
the action of the District Court in thus communicating
with the jury was a denial to petitioner of due process
of law; third, that the judgment of the Circuit Court
of Appeals upholding that action is in conflict with the
decision of this Court in *Fillippon* v. *Albion Vein Slate
Co.,* 250 U. S. 76; fourth, that the instruction in the

communication to the jury that it "will have to find also whether Shields, Widman and Gastman are guilty or not guilty," was additionally erroneous because in violation of § 1036 of the Revised Statutes, which authorizes a jury to bring in a verdict as to those of the defendants regarding whom they are agreed, and declares that the case as to the other defendants may be tried by another jury; fifth, that in this respect the instruction of the District Court runs counter to the decision of this Court in *Bucklin* v. *United States,* 159 U. S. 682; and, sixth, that the direction to the jury to bring in a verdict of guilty or not guilty as to the three defendants named had the effect of coercing the jury into rendering a verdict which they were plainly reluctant to return.

The Solicitor General advises us that, after a careful study of the record in this case, the Government is unable to find any satisfactory ground for opposing the petition for a writ of certiorari, and that no brief in opposition will therefore be filed, and if the writ issues, the Government will submit the case without being heard further.

In view of this, we deem it proper to dispose of the case at once. On the statement of the case as we have given it, we think the judgment of the Circuit Court of Appeals must be reversed on the first and third grounds urged, and the cause remanded to the District Court for a new trial. The joint request to the court, of counsel for the defendant and the Assistant District Attorney, to hold the jury in deliberation until they should agree upon a verdict, made in chambers without the presence of the defendant, cannot be extended beyond its exact terms. It did not include any agreement that the court should receive a communication from the jury and answer it without giving the defendant and his counsel an opportunity to be present in court to take such action as they might be advised, especially when the communication as

to the result of. the deliberations of the jury showed a marked difference in the views which the jury had as to the guilt of the various defendants.   Counsel, in making it, necessarily assumed, as they had a right to, that any communication from the jury would be made in open court, and that they must necessarily be offered an opportunity to withdraw the request already preferred, or to vary it.   It is hardly fair to say that a general request to hold the jury for a verdict can be properly applied to such a situation as subsequently developed by the communication of the jury showing their views as to the various defendants.

In the case of *Fillippon* v. *Albion Vein Slate Co.,* 250 U. S. 76, which was a suit for damages for personal injuries, it appeared that, after the trial judge had completed his instructions and the jury had retired for deliberation, and while they were deliberating, they sent to the judge a written inquiry on the question of contributory negligence, to which the trial judge replied by sending a written instruction to the jury room, in the absence of the parties and their counsel and without their consent, and without calling the jury into open court. A new trial was ordered on this account.   The Court said:

" Where a jury has retired to consider of its verdict, and supplementary instructions are required, either because asked for by the jury or for other reasons, they ought to be given either in the presence of counsel or after notice and an opportunity to be present; and written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object."

If this be true in a civil case, *a fortiori* is it true in a criminal case.   The request made to the court jointly by the counsel for the defendant and for the Government did not justify exception to the rule of orderly conduct

of jury trial entitling the defendant, especially in a criminal case, to be present from the time the jury is impaneled until its discharge after rendering the verdict. We reverse the judgment without reference to the other causes of error assigned.

                                                    *Reversed.*