## THE GREAT WILNO *v.* E. K. FERNANDEZ.

### No. 2364.

SUBMITTED MAY 23, 1938.   DECIDED AUGUST 23, 1938.

PETERS AND KEMP, JJ., AND CIRCUIT JUDGE BROOKS
IN PLACE OF COKE, C. J., ABSENT.

OPINION OF THE COURT BY KEMP, J.

This case involves an important question of trial practice. It was an action brought by The Great Wilno, plaintiff, against E. K. Fernandez, defendant. The complaint contained eight counts, each count setting up a separate cause of action. We are here concerned only with the first count, the case being here on defendant's bill of exceptions and he having prevailed as to all counts except the first count.

Counsel for both plaintiff and defendant apparently construed the first count to be an action in assumpsit for the contract price of services performed although we construe it to be an action for damages for breach of a contract of employment. Neither counsel requested the court to give

the jury an instruction on the measure of damages for breach of contract. After the jury had retired to deliberate the foreman addressed to the court a question in writing as follows: "Is it in order to award any portion claimed in Count 1?" to which the court, over defendant's objection, sent to the jury the following written reply: "If the jury finds for the plaintiff as to count one, the amount is left to the sound discretion of the jury under the evidence and must be based upon the evidence, but not to exceed $540.00. In other words the jury should fix the amount of damages in such an event, which under the evidence believed by the jury would compensate for damages for breach of contract if they find the contract was breached."

The clerk's minutes show that when the court received the written question from the foreman counsel for the plaintiff consented to the court replying to the question in writing, to be delivered to the jury in the jury room, and approved the instruction above quoted. Counsel for the defendant not only objected to the said instruction but objected to any instruction being given to the jury at any place other than in open court and he duly excepted to the giving of the instruction and to it being given in the manner above indicated.

The jury having returned a verdict in favor of the plaintiff on the first count and a motion for a new trial, one of the grounds of which complained of the correctness of the instruction given to the jury in response to its question and also to the giving of any instruction other than in open court, having been denied, the defendant brings exceptions, one of which sets forth his motion for a new trial and all of the grounds thereof.

Section 3745, R. L. 1935, reads as follows: "Unless the parties to the cause on trial either in person or through their attorneys, shall file therein their written consent that the court may charge the jury orally, it shall be the duty of

the court, except as provided in the next succeeding section, to reduce to writing and read its charge to the jury; and the manuscript of such charge, signed by the court, shall be filed in the cause, and shall constitute a part of the record thereof. Whenever, and as often as the court shall depart from such duty, either party to such suit shall be entitled, as a matter of right, to demand and have granted a new trial of such cause."

The exception referred to in the statute has no bearing on the question here involved.

*Shields* v. *United States,* 273 U. S. 583, and *Fillippon* v. *Albion Vein Slate Co.,* 250 U. S. 76, are authority, without reliance upon a statute such as section 3745, *supra,* for holding that under ordinary circumstances it is error for the court to give the jury additional instructions after it has retired to deliberate, even though in response to a written request from the jury, without calling the jury into open court and especially to do so in the absence of the parties or without their consent. In each of the above cases the additional instruction was, as in the instant case, given in response to a written request from the jury. They were, however, given in the absence of the litigants and were found to contain error of substance.

The case of *Sargent* v. *Roberts,* 1 Pick. (Mass.) 337, 11 Am. Dec. 185, is a leading case on this question and has been extensively followed. (See Case Note, 17 L. R. A. [N. S.] 609.) In *Sargent* v. *Roberts, supra,* one ground on which the motion for a new trial rested was a written communication from the judge to the jury after the court had recessed, in answer to a note from the foreman stating the improbability of their agreeing on a verdict and requesting his directions. The appellate court found that it was impossible to complain of the substance of the communication of the judge to the jury, the only question being whether any communication at all was proper. In answering this

question the court used the following language: "And we are all of opinion, after considering the question maturely, that no communication whatever ought to take place between the judge and the jury, after the cause has been committed to them by the charge of the judge, unless in open court, and, where practicable, in presence of the counsel in the cause."

The procedure followed by the court in this case is in direct violation of the terms of the statute. The statute makes it the duty of the court, in the absence of the written consent of the parties or their attorneys, to reduce to writing and read its charge to the jury. The charge in question was reduced to writing but was not read to the jury, and the record shows that neither the parties nor their attorneys gave their written consent to the procedure followed. The statute provides that the parties shall be entitled, as a matter of right, to a new trial whenever the court shall depart from the duty imposed upon it by the statute.

Some courts hold that the procedure here followed, though error, is harmless where the instruction given correctly states the law but none of the opinions examined by us disclose statutory provisions similar to the provisions of our statute on the subject. We are not concerned with the wisdom of the statute. That is a matter for the legislature. The statute, by prescribing what the consequence of a departure by the court from its duty shall be, makes it mandatory that we sustain the exception to the giving of the instruction in question in the manner herein set forth and makes it unnecessary for us to consider the substance of the instruction in question.

Exception sustained.

*F. Patterson* for defendant.

*O. P. Soares* for plaintiff.