John Franklin BURRELL,
Petitioner-Appellant,

v.

Ralph Lee AARON, Warden, New Mexico
State Penitentiary, Respondent-Appellee.

No. 77-1012.

United States Court of Appeals,
Tenth Circuit.

Submitted July 12, 1977.

Decided Aug. 10, 1977.

William W. Deaton, Federal Public Defender, Albuquerque, N.M., submitted memorandum opposing summary action on behalf of petitioner-appellant.

Toney Anaya, Atty. Gen., Andrea Buzzard, Asst. Atty. Gen., Santa Fe, N.M., submitted memorandum in support of summary action on behalf of respondent-appellee.

Before SETH, Circuit Judge, PICKETT, Senior Circuit Judge, and BARRETT, Circuit Judge.

PER CURIAM.

Petitioner was charged with and tried for trafficking in a narcotic drug. Petitioner testified on his own behalf, and then rested. The state called a rebuttal witness and rested. Petitioner was then present, and a recess for lunch was had. Petitioner was free on bond during the course of the trial. When court reconvened the petitioner was not present. The state trial judge said: "The defendant is not here. There is no reason that the trial cannot proceed." The prosecution then said it had no objection, and petitioner's counsel said only: "I stand mute on this issue, Your Honor." The proceedings continued with summation, instructions, and return of a verdict with nothing more being said by petitioner's attorney, or anyone else, about a reason for the absence of petitioner. Nor was there any objection made by anyone to proceeding in his absence.

After the jury retired, the attorney for petitioner made a tender of proof. At the conclusion of the tender, the trial judge stated that he wanted the petitioner arrested. The attorney responded that he did not know where petitioner was. This was the only reference to the matter. The jury returned the verdict in the afternoon of May 22nd in petitioner's absence. The petitioner was sentenced on June 30th, and was

then present in person with his same attorney. He was sentenced to ten to fifty years on each of the two counts, to run consecutively, and to be also consecutive to a one to five year sentence imposed shortly before. At his sentencing, petitioner was, of course, asked whether he had anything to say. All that he said was, "No, nothing to say to nobody, I will meet you all in prison." His attorney stated that he had nothing to say. Thus no reference whatever was made by the attorney or by petitioner to petitioner's absence from the conclusion of his trial, and no objection was made. During this same appearance in court for sentencing, there was had a competency hearing in another case, and petitioner was found competent to stand trial in such other proceedings.

In his direct appeal, the petitioner raised the *in absentia* issue. The New Mexico Court of Appeals held that he had voluntarily absented himself from his trial, as did the state court in the post-conviction proceedings. The United States District Court reached the same conclusion. Each court had before it only the record referred to above, as no evidentiary hearings were held. The basic issue is whether petitioner's absence was voluntary.

No assertion is made that the petitioner was in any way prevented or hindered in attendance at the conclusion of his trial by the state in any way or any law enforcement officials or by lack of knowledge that the case would continue after lunch. He was free on bond and presumably could come and go to the court house as he pleased. Thus his attendance at the trial was within his control, although we must assume that the bond required his attendance or appearance at trial. The state had no obligation to make an effort or to take steps to see that petitioner was present at trial. If he was unable to attend by reason of sickness, it was a risk he had to take. This was one of the burdens he assumed when released on bond, and thus he was on his own like everyone else. His presence under these circumstances was his problem, and that of his attorney. If he had become sick it is obvious that the trial court would,

on application, afford relief. However, as indicated, there was no explanation made when trial resumed, nor at the tender of proof, nor at sentencing some time later. Thus petitioner's absence, in the situation as presented to the state trial court, should have been considered to be voluntary, as it was. In this respect, the fact the attorney declined to make a statement is significant. The attorney expressed no concern or surprise over petitioner's absence. An explanation to the court was in effect refused by his statement: "I stand mute on this issue, Your Honor." No objection nor request for continuance by the attorney nor objection by petitioner at his appearance for sentencing was ever made. In this context, the trial court was entirely justified in concluding that the absence was voluntary. There was made an adequate inquiry under the circumstances.

Furthermore, as indicated above, the petitioner took the risk of becoming sick, if that was the explanation, or of being hurt, or forgetting; relief from the consequences of such casualties being available by application to the court. The petitioner, free on bond, obviously had a constitutionally protected *right* to be present if he wished, but again the state did not have an obligation to see that he was present. This is the fundamental distinction which makes this case entirely different from the principal cases cited by the petitioner where the custody of the defendant had prevented his attendance, or the procedure followed by the court did not permit his presence or knowledge of the events.

The pervading competency problem in *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103, does not make it significant here. Petitioner was not prevented from participating as in the cases where the court communicates with the jury. *Shields v. United States,* 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787; *Bustamante v. Eyman,* 456 F.2d 269 (9th Cir.); *see United States v. Baca,* 494 F.2d 424 (10th Cir.); *United States v. Freed,* 460 F.2d 75 (10th Cir.). Instead this case is more like *Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38

L.Ed.2d 174, where the defendant absented himself during the course of the trial, and no explanation was then afforded to the trial judge as the *reason* for his absence. We consider that *Taylor v. United States* is controlling as is *Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (quoted in the *Taylor* opinion). *See also Cureton v. United States,* 130 U.S.App.D.C. 22, 396 F.2d 671.

The petitioner had participated and testified before the recess was announced, and the trial judge, faced with a refusal by the petitioner's attorney to give an explanation for the absence after lunch, with a total lack of expressed concern by the attorney, and in the absence of an objection or request for a delay, was not required to just wait for petitioner's return. The absence of petitioner under the circumstances here present was properly considered to be voluntary. The state trial court so concluded as may be gathered from its action, and this decision was supported by what took place at sentencing. The state appellate court expressly so held, as did the United States District Court.

This appeal was submitted on the memoranda of the Federal Public Defender and the Attorney General of New Mexico.

Affirmed.