**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-4302**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN A. RIDEOUT, a/k/a JD,

Defendant - Appellant.

———————

On Remand from the Supreme Court of the United States.
(S. Ct. No. 03-9402)

———————

Submitted:  June 5, 2006          Decided:  July 31, 2006

———————

Before WILLIAMS and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Jeffrey Alan Holmstrand, MCDERMOTT & BONENBERGER, PLLC, Wheeling,
West Virginia, for Appellant.  Thomas E. Johnston, United States
Attorney, Sherry L. Muncy, Assistant United States Attorney,
Clarksburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the United States Supreme Court. We previously affirmed Kevin A. Rideout's conviction and sentence. United States v. Rideout, No. 02-4302 (4th Cir. Nov. 13, 2003) (unpublished). The Supreme Court vacated our decision and remanded Rideout's case to us for further consideration in light of United States v. Booker, 543 U.S. 220 (2005).

In Rideout's supplemental brief, filed at this court's direction after the Supreme Court's remand, he contends that he is entitled to resentencing in light of Booker because his sentence was enhanced based on facts not found by the jury and the district court considered the guidelines as mandatory. Specifically, he argues that his offense level was increased based on judicial fact-finding with respect to the two-level enhancement for obstruction of justice and drug quantity relevant conduct findings.

This court has identified two types of Booker error: a violation of the Sixth Amendment, and a failure to treat the sentencing guidelines as advisory. United States v. Hughes, 401 F.3d 540, 552 (4th Cir. 2005). A Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 543 U.S. at 244-45. Because Rideout did not raise a Sixth Amendment challenge or object to the mandatory

- 2 -

application of the guidelines in the district court, review is for plain error. <u>Hughes</u>, 401 F.3d at 547. To demonstrate plain error, an appellant must establish that an error occurred, that it was plain, and that it affected his substantial rights. <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993); <u>Hughes</u>, 401 F.3d at 547-48. If an appellant meets these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." <u>Hughes</u>, 401 F.3d at 555 (internal quotation marks and citation omitted). While the mandatory application of the guidelines constitutes plain error, <u>United States v. White</u>, 405 F.3d 208, 217 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 668 (2005), a defendant who seeks resentencing on this ground must show actual prejudice, i.e., a "nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" <u>Id.</u> at 223 (quoting <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992)).

Removing the obstruction of justice enhancement reduces Rideout's offense level by two levels from 34 to 32, which, combined with criminal history category VI, would make the guideline range 210 to 262 months. Because Rideout's 262-month sentence was within that range, he cannot show plain error.

Moreover, nothing in the sentencing transcript or elsewhere in the record provides a non-speculative basis for concluding that the district court would have given Rideout a lower sentence if the guidelines were not mandatory. Therefore, Rideout has not established plain error that warrants resentencing under White, 405 F.3d at 223.

Rideout also challenges the district court's calculation of the drug quantity, arguing that no specific drug quantities were contained in the indictment, in violation of his Fifth Amendment rights, and that the district court's factual findings were not supported by the record. We find that these claims are beyond the Supreme Court's Booker remand and are prohibited by the mandate rule. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) ("[f]ew legal precepts are as firmly established as the doctrine that the mandate of a higher court is 'controlling as to matters within its compass'")(quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939)). Further, as to Rideout's first argument, in response to his claim in his first appeal that by allowing the jury to calculate drug quantity the district court constructively amended the indictment, we found that even assuming Rideout satisfied the first three elements of plain error, the court would not notice the error, under United States v. Cotton, 535 U.S. 625 (2002), because the evidence of drug quantity was "overwhelming and essentially uncontroverted." United States v. Rideout, 2003 WL

22673668,*2. In addition, Rideout's position is undercut by the fact that he requested that the district court adopt the drug quantity of 64.39 grams under which he was sentenced.[*] As to Rideout's argument that the district court's factual findings as to drug quantity were not supported by the record, as we found in the first appeal, the evidence of drug quantity was overwhelming.

To the extent Rideout argues that the district court's findings as to drug quantity violated the Sixth Amendment, we find the sentence is not plainly erroneous. Rideout argues that the drug quantity should have been 48.915 grams of cocaine base, subjecting him to a base offense level of 30 and guideline range of 168 to 210 months. However, the jury's special interrogatory form specifies that the crime involved, beyond a reasonable doubt, "50 grams or more of cocaine base." The jury's verdict thus results in a base offense level of 32 under USSG § 2D1.1(c)(4), which is the same base offense level under which Rideout was sentenced. Thus, Rideout's sentence did not exceed the permissible sentence authorized by the jury's verdict.

Rideout also moves for leave to submit a pro se supplemental brief. We grant the motion for leave to file the pro

---

[*]It has long been recognized that "a court can not be asked by counsel to take a step in a case, and later be convicted of error because it has complied with such [a] request." Shields v. United States, 273 U.S. 583, 586 (1927). "A defendant in a criminal case cannot complain of error which he himself has invited." Id. (internal quotation and citation omitted).

se supplemental brief, but find the claims are beyond the scope of the Supreme Court's <u>Booker</u> remand and are foreclosed by the mandate rule. <u>See</u> <u>Bell</u>, 5 F.3d at 66.

In sum, upon reconsideration in light of <u>Booker</u>, we affirm Rideout's sentence. In addition, we reinstate our November 13, 2003 opinion affirming his convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>