**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4704

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BAUTISTA ANDAYA-PENALOSA,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, District Judge.  (CR-04-253-WLO)

Submitted: July 31, 2006          Decided:  September 6, 2006

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. C. Castillo, Houston, Texas, for Appellant.  Anna Mills Wagoner, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bautista Andaya-Penalosa was convicted after a jury trial of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000), and conspiracy to knowingly conduct financial transactions involving proceeds of unlawful activities, in violation of 18 U.S.C.A. § 1956(h) (West Supp. 2006) (money laundering). He was acquitted of possession of a firearm by a person previously convicted of a felony, 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). We affirm his convictions and sentence.

Andaya-Penalosa first contends that the district court erred by allowing the government an additional peremptory strike during jury selection, which the government used to strike a prospective juror that was deemed favorable to the Defendant. Andaya-Penalosa contends that the dismissal of the not-yet-empaneled jury and starting jury selection anew did not cure the error. A "defendant in a criminal case cannot complain of error which he himself has invited." See Shields v. United States, 273 U.S. 583, 586 (1927). Andaya-Penalosa had objected to the granting of the additional strike. The district court agreed that it was error under Fed. R. Crim. P. 24, declared a mistrial, and dismissed the jury. Because Andaya-Penalosa invited the error, he cannot object because the court sustained his objection. United States v. Jackson, 124 F.3d 607, 617 (4th Cir. 1997) ("invited error doctrine

recognizes that a court cannot be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request") (internal quotation marks omitted).

Moreover, Andaya-Penalosa participated in the selection of a new jury and was ultimately satisfied with the impartiality of that jury. Because he was tried before a properly-selected, impartial jury, Andaya-Penalosa cannot show that he was prejudiced by the granting of an additional strike to the Government, which was used to select a jury that was dismissed and not impaneled. See United States v. Potts, 420 F.2d 964, 965 (4th Cir. 1970) (noting that trial court erred in granting two additional peremptory strikes to each party based on their agreement, but finding no harm to defendant because the result was an impartial jury).

Next, Andaya-Penalosa contends that the district court erred in allowing evidence of his guilty plea to a charge of possession of cocaine in California. He contends that this was not a prior felony conviction, and therefore the evidence was inadmissible. We find that the evidence was properly admitted to prove an element of the charged offense of possession of a firearm by a convicted felon. United States v. Rhodes, 32 F.3d 867, 871 (4th Cir. 1994). Moreover, we find that the evidence was sufficient to prove that element. See California v. Carr, 204 Cal.

App. 3d 774, 778 (Cal. App. 1988); California v. Banks, 348 P.2d 102 (Cal. 1959).

Additionally, we find no abuse of discretion by the district court in admitting the immigration documents on which Andaya-Penalosa admitted his prior conviction. United States v. Rivera, 412 F.3d 562, 571 (4th Cir. 2005); United States v. Simpson, 910 F.2d 154 (4th Cir. 1990). Moreover, because he was acquitted on the § 922(g)(1) charge, Andaya-Penalosa cannot show that he was prejudiced by the admission of this evidence.

Next, Andaya-Penalosa contends that the district court should have instructed the jury that, in determining the drug quantity attributable to Andaya-Penalosa, they must determine the quantity that was in furtherance of the conspiracy and reasonably foreseeable to Andaya-Penalosa. Instead, the jury was instructed to answer a special inquiry as to whether the conspiracy was involved with five kilograms or more of cocaine. Andaya-Penalosa contends that the failure to instruct the jury to find his personal involvement was in violation of Pinkerton v. United States, 328 U.S. 640, 647-48 (1946), and United States v. Collins, 415 F.3d 304, 314 (4th Cir. 2005). Because he failed to raise this issue in the district court, our review is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993).

Assuming, without deciding, that this was error and that Andaya-Penalosa's substantial rights were affected, in light of the

overwhelming evidence of the drug quantities with which Andaya-Penalosa was involved and his admission at sentencing that he was responsible for at least five kilograms of cocaine, we decline to exercise our discretion to notice the error.  See United States v. Cotton, 535 U.S. 625, 633 (2002) (holding that sentence exceeding maximum authorized by facts alleged in the indictment would not be vacated on plain error review because evidence supporting judge-found facts on which sentence was based was "overwhelming" and "essentially uncontroverted").  As in Cotton, much of the evidence implicating Andaya-Penalosa in the drug conspiracy revealed his involvement with far more than five kilograms of cocaine; additionally, he admitted to that amount.  Thus, we decline to recognize any error.  See id. at 633.

     The final issue Andaya-Penalosa raises is whether his sentence was invalid in light of the failure to properly instruct the jury.  As stated above, we decline to recognize any error in the determination of the sentencing parameters.  Concerning the imposition of a sentence within the statutory limits determined by the jury, we find no error.  Even without consideration of the jury's answer to the special inquiry, Andaya-Penalosa admitted that he was accountable for five kilograms of cocaine.  See United States v. Booker, 543 U.S. 220 (2005) (allowing sentencing range to be increased based on admissions by defendant).  This admission placed Andaya-Penalosa in the statutory sentencing range of twenty

years to life.  21 U.S.C. § 841(b)(1)(A).  As permitted by <u>Booker</u>, the district court then made the relevant factual findings within this statutory range by a preponderance of the evidence.  <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65, 71-72 (4th Cir. 2005), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. Apr. 10, 2006) (No. 05-11378).  The court ultimately sentenced Andaya-Penalosa within the advisory guideline range of life imprisonment.  This sentence is presumptively reasonable.  <u>United States v. Green</u>, 436 F.3d 449, 455-56 (4th Cir. 2006), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

In conclusion, we affirm Andaya-Penalosa's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>