**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4708

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LANDON LOVING,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   David A. Faber, Chief District Judge.  (5:05-cv-00220)

Submitted: May 9, 2007                      Decided: July 5, 2007

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barron M. Helgoe, VICTOR VICTOR & HELGOE, LLP, Charleston, West Virginia, for Appellant.   Charles T. Miller, United States Attorney, Miller A. Bushong III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Landon Loving was convicted by a jury of possession with intent to distribute crack and cocaine, 21 U.S.C. § 841(a) (2000), and sentenced to 121 months imprisonment. He appeals, claiming that: (1) the district court erred in denying his motion to suppress; (2) the district court plainly erred in allowing certain testimony; (3) he was denied effective assistance of counsel; and (4) the evidence was insufficient to establish the requisite intent to distribute. Loving has also filed a supplemental pro se brief in which he asserts that certain testimony was admitted in violation of his Sixth Amendment rights. For the reasons that follow, we affirm.

The evidence presented at Loving's trial, viewed in the light most favorable to the Government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), was as follows. In March 2005, the Beckley, West Virginia, police department began an investigation into alleged drug dealing at Loving Auto Repair, an automobile repair shop owned by Loving. After arranging two controlled buys through a confidential informant and conducting surveillance of the repair shop, police obtained search warrants for Loving's home and Loving Auto Repair.

During the search of the auto repair shop, police found a key in a desk drawer. The key was to a safe which was later found behind the repair shop, hidden in a pile of garbage. The

safe contained 8.01 grams of crack cocaine, 141 grams of powder cocaine, and a small amount of marijuana. An additional 2.87 grams of crack cocaine and $1156 in cash were found in Loving's pockets.

Loving was indicted on two counts of possession with intent to distribute cocaine and crack cocaine. Prior to trial, Loving filed a motion to suppress on three grounds: (1) the search warrant was invalid because it was based on a misrepresentation in the affidavit submitted in support of the warrant application; (2) the search warrants were actually obtained after the search had been completed; and (3) the warrants were "re-applied for to cover up an illegal search." Following a pre-trial hearing, the district court denied the motion, but invited Loving's counsel to supplement his motion at trial, "[i]f anything new comes up or occurs to you." On the morning of trial, Loving filed a document entitled "Addendum to Suppression Motion Filed by Defendant, Landon Loving." The Government's attorney stated that "as I understand it from [defense counsel], there is no additional argument, he is just vouching the record." Loving's attorney replied, "That's essentially true, your honor. There is a request in there that if the tapes be found of those particular buys, because there does appear to be some kind of a conflict, that those be included in the record. However, given the court's previous rulings, I believe that would pretty much just put it on the record for such appeal purposes as it covers, sir."

During Loving's trial, one of the government witnesses, Detective Montgomery, was asked on direct examination why the safe had not been submitted for fingerprint analysis. Detective Montgomery responded that: "In my experience, it's very difficult to obtain fingerprints from surfaces such as these. . . Plus the fact that it was just - - the evidence was so overwhelming that day leading to Mr. Loving, that we thought the case was so solid that we didn't really need fingerprints." Loving's counsel did not object. The government also presented the testimony of Vincent Larkin, who stated that Loving was his crack cocaine supplier and that he (Larkin) had purchased the drugs at issue in both of the controlled buys from Loving and then, in turn, sold them to the confidential informant.

Loving contends, first, that the district court erred in denying his motion to suppress because the search exceeded the scope of the warrant. This argument was raised for the first time in the "Addendum" to the motion to suppress, filed on the morning of trial, and never brought to the district court's attention. Accordingly, Loving waived this claim by failing to timely raise it before the district court. See Fed. R. Crim. P. 12(f) (providing that failure to raise defenses or objections which must be made prior to trial constitutes waiver).

Next, Loving claims that the district court erred in allowing Detective Montgomery's testimony that "the evidence was so

overwhelming" because it invaded the province of the jury. Because Loving failed to object at trial, this claim is reviewed only for plain error. United States v. Olano, 507 U.S. 725, 732-34 (1993). We find there was no error. Smith's answer was merely a response to a question regarding his state of mind (i.e., why he did not feel the need to have the safe tested for fingerprints). Also, the testimony was in response to an issue first raised by Loving in his cross-examination of Detective Smith. Accordingly, any error was invited by Loving. See Shields v. United States, 273 U.S. 583, 586 (1927)(holding that defendant in a criminal case "cannot complain of error which he himself has invited"); see also United States v. Jackson, 124 F.3d 607, 617 (4th Cir. 1997). Moreover, even assuming the district court erred, we would not find plain error as Detective Montgomery's statement was sufficiently brief and isolated that its admission did not affect Loving's substantial rights or call into question the integrity of the trial.

Next, Loving claims that his attorney was ineffective for failing to object to Detective Montgomery's testimony. Claims of ineffective assistance of counsel should be raised by motion under 28 U.S.C. § 2255 (2000), in the district court, unless it conclusively appears from the record that counsel failed to provide effective representation. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). We find that it does not conclusively appear from the face of the record that Loving's attorney failed to

provide effective representation sufficient for the claim to be cognizable on direct appeal.

Loving also challenges the sufficiency of the evidence. Specifically, Loving claims that the Government failed to prove intent to distribute because "there was no testimony that the amounts seized were distribution amounts." However, intent to distribute may be proved by a number of factors, including the amount of cash seized, the possession of drug paraphernalia, and the seizure of a quantity of drugs too large for personal consumption. See United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990). Here, Detective Montgomery testified that the 145 grams of cocaine found in Loving's safe had a street value of approximately $8000 to $10,000, and that the crack cocaine had a value of approximately $1400. Along with the cocaine found in Loving's safe, officers also found digital scales and plastic baggies. Also, Loving had a large amount of cash in his pocket. Finally, Detective Montgomery testified that he saw no evidence of personal use by Loving, such as a crack pipe. We find that this evidence was sufficient to support a finding that Loving possessed the drugs at issue with the requisite intent to distribute.

Finally, Loving asserts in a pro se supplemental brief that the district court erred in allowing the Government to present testimony (through Detective Montgomery) about information received from a confidential informant concerning the three controlled buys,

in violation of his Sixth Amendment confrontation rights as articulated in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004). Loving did not object in the district court to the testimony concerning the informant, therefore we review only for plain error. <u>Olano</u>, 507 U.S. at 732-34.

Under <u>Crawford</u>, the Sixth Amendment requires that a witness be unavailable and that there be a prior opportunity for cross-examination before testimonial hearsay evidence may be admitted, regardless of the inherent trustworthiness of the statement. <u>Crawford</u>, 541 U.S. at 68. Crawford applies only to testimonial hearsay statements. <u>Id.</u> We find that the testimony concerning the confidential informant was introduced for the limited purpose of explaining the course of the investigation and thus was not a testimonial hearsay statement to which <u>Crawford</u> applies. Therefore, this claim is meritless.

Accordingly, we affirm Loving's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>