RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0009p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

BRIAN BOURNE,

      *Petitioner-Appellant,*

         *v.*

CINDI CURTIN, Warden,

      *Respondent-Appellee.*

No. 09-2131

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 07-15247—Paul D. Borman, District Judge.

Decided and Filed: January 11, 2012

Before: SILER and KETHLEDGE, Circuit Judges; ADAMS, District Judge.[*]

_____

**COUNSEL**

**ON BRIEF:** James Sterling Lawrence, Royal Oak, Michigan, for Appellant. Andrea M. Christensen, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

_____

**OPINION**

_____

      KETHLEDGE, Circuit Judge. Brian Bourne filed a habeas petition challenging his murder conviction. He argues that the state trial court erred by failing to consult the parties before denying a jury request to re-hear trial testimony. And he claims his counsel was ineffective for failing to raise the issue on direct appeal. We affirm the denial of Bourne's petition.

_____

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

I.

In 2002 the State of Michigan tried Bourne for the stabbing death of a police officer after a traffic stop. During deliberations, the jury sent a note to the judge asking to re-hear testimony from five witnesses. Without consulting with counsel, the judge denied the request and told the jury to rely on its collective memory. Once the parties reconvened in the courtroom for the verdict, defense counsel told the judge that he had learned of the jury's request and that he would have objected to the court's decision to deny it. The foreperson then announced a guilty verdict.

Bourne raised four issues on direct appeal, none of which was the trial court's failure to consult with the parties before denying the jury's request. The state court of appeals affirmed. The state supreme court denied leave to appeal. Bourne then filed a motion for relief from the judgment in the trial court. He raised several new issues, including the effectiveness of his trial and appellate counsel and the trial court's failure to consult counsel before denying the jury's request. The trial court said that there is a presumption that Bourne's counsel were effective and that it is "well established that appellate counsel need not raise all possible claims of error on appeal." The court then held that Bourne failed to show good cause for "failure to previously raise the issues in question" and denied relief. The court of appeals and supreme court both affirmed in one-sentence orders, holding that Bourne failed show an "entitlement to relief under MCR 6.508(D)."

Bourne filed a habeas petition in the district court. The district court held that Bourne procedurally defaulted all of his grounds for relief, except for his ineffective-assistance argument, because he did not raise them on direct appeal. The court rejected his ineffective-assistance argument on the merits. Bourne then sought a certificate of appealability from this Court. We granted the certificate to hear Bourne's arguments that he is entitled to habeas relief because the trial court denied the jury's request without consulting the parties and because Bourne's appellate counsel was ineffective for failing to raise this argument on direct appeal.

II.

We need not decide whether Bourne procedurally defaulted his challenge to the trial court's failure to alert the parties to the jury's request, because we can resolve Bourne's argument on the merits. *See Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008). His argument, which we consider *de novo*, is that the trial court's *ex parte* jury communication violated the Supreme Court's holding that criminal defendants have a constitutional "right to personal presence at all critical stages of the trial and the right to counsel." *See Rushen v. Spain*, 464 U.S. 114, 119 (1983); *Illinois v. Allen*, 397 U.S. 337, 338 (1970).

But violations of these rights are generally "subject to harmless-error analysis." *Rushen*, 464 U.S. at 119 n.2. Bourne makes no argument that he suffered actual harm from the trial court's failure to consult the parties. That is likely because any objection to the trial court's decision to deny the jury's request would have been meritless: Michigan trial courts have the authority to deny juries' unreasonable requests to review evidence during deliberations. *See People v. Carter*, 612 N.W.2d 144, 146 (Mich. 2000); *see also* M.C.R. §§ 6.414 Staff Comment, 2.513(P). And the trial court had good reason to conclude that this jury's request—to re-hear the testimony of *five* witnesses after deliberating for barely more than an hour—was unreasonable. *See* R. 7, Attach. 8, at 158–59.

Bourne insists that he need not show any harm, however, because the Supreme Court has said that courts commit "constitutional error without any showing of prejudice" when they prevent defense counsel "from assisting the accused during a critical stage of the proceeding." *See United States v. Cronic*, 466 U.S. 648, 659 n.25 (1984); *see also Bell v. Cone*, 535 U.S. 685, 696–98 (2002). Bourne contends that communication between the jury and the judge in this case was a critical stage, citing this Circuit's holding in *French v. Jones*, 332 F.3d 430 (6th Cir. 2003), for support. There, the court held that a trial court's delivery, without counsel, of supplemental jury instructions was a critical stage and *per se* harmful. *Id.* at 434, 436; *cf. Shields v. United States*, 273 U.S. 583, 587–89 (1927) (holding that judge's *ex parte* communication

telling a jury it needed to reach a verdict was reversible error without any discussion of harmlessness). Bourne contends the *ex parte* communication here was no different.

But not all communications between a judge and jury are critical stages—meaning a stage at which there is a "reasonable probability that [a defendant's] case could suffer significant consequences from his total denial of counsel." *Van v. Jones*, 475 F.3d 292, 313 (6th Cir. 2007). In *Rushen*, for example, the Supreme Court said that "the prejudicial effect of a failure" to "disclose the communication [with a juror]" can "normally" be resolved in a post-trial hearing. 464 U.S. at 119. And in *Rogers v. United States* the Supreme Court held that a trial court's *ex parte* response to a jury's question about permissible verdicts was reversible only after extensively analyzing whether the error was harmless. 422 U.S. 35, 40 (1975). Courts have therefore drawn a boundary around the types of judge-jury communications that represent critical stages: "Cases in which this court has found denial of counsel at a critical stage invariably involved a court instructing the jury about the substantive elements of an offense or giving a deadlocked jury further instructions about how to proceed." *Valentine v. United States*, 488 F.3d 325, 335 (6th Cir. 2007); *United States v. Mohsen*, 587 F.3d 1028, 1031–32 (9th Cir. 2009); *United States v. Toliver*, 330 F.3d 607, 614 (3d Cir. 2003). Left outside the boundary are cases like this one, in which the jury asks to review material it had already received during the trial. *See, e.g.*, *Hudson v. Jones*, 351 F.3d 212, 218 (6th Cir. 2003) (the original jury instructions); *Tolliver*, 330 F.3d at 617 (excerpt from trial transcript). Thus Bourne is incorrect to argue that the communication in this case was *per se* harmful.

Bourne alternatively argues that his appellate counsel was constitutionally ineffective for failing to challenge, on direct appeal, the trial court's *ex parte* communication with the jury. The state trial court addressed this issue on the merits, so Bourne must make the "difficult" showing that the state court unreasonably applied the Supreme Court's "highly deferential" test for ineffective assistance. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011); *see also Strickland v. Washington*, 466 U.S. 668 (1984). His task is more challenging still because it is "difficult" to demonstrate that

appellate counsel is incompetent simply for failing to raise a particular issue. *Smith v. Robbins*, 528 U.S. 259, 288 (2000).  Bourne must show that the issue his appellate counsel failed to raise was "clearly stronger" than the issues his counsel did raise, *id.*—and that the state court lacked a reasonable basis for believing otherwise.

Although the arguments that Bourne's appellate counsel raised were ill-fated, the state court reasonably concluded that the jury-communication argument was not "clearly stronger."  As described above, Bourne's counsel could have reasonably believed that the trial court's *ex parte* denial of the jury's request was subject to review for harmless error. *See also People v. France*, 461 N.W.2d 621, 630–632 (Mich. 1990) (holding that judges' *ex parte* communications with juries can be harmless under state law as well). And Bourne's appellate counsel could have reasonably believed that he could not prove that the error was harmful since the trial court had good reason to deny the jury's request, notwithstanding any objection from defense counsel.  Thus, the state court reasonably concluded that Bourne failed to demonstrate his appellate counsel's deficiency.

Finally, Bourne argues that the district court should have held an evidentiary hearing so that he could demonstrate his appellate counsel's ineffectiveness.  He argues that an evidentiary hearing would reveal whether his counsel's decision not to raise the jury-communication issue was strategic.  Because the state court considered Bourne's ineffectiveness argument on the merits, however, Bourne is stuck with "the record that was before the state court." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).  Bourne is not entitled to an evidentiary hearing. *Id.* at 1400.

The district court's judgment is affirmed.