**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4909**

———————————

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

TREMAYNE S. GOSS,

            Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.  (5:12-cr-00157-BO-1)

———————————

Submitted:  June 6, 2013            Decided:  June 13, 2013

———————————

Before WILKINSON, KING, and AGEE, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Joshua L. Rogers, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tremayne Goss pled guilty to possession with intent to distribute a quantity of cocaine and possession with intent to distribute a quantity of cocaine and a quantity of cocaine base, in violation of 21 U.S.C. § 841(a) (2006). After sustaining Goss' objection to the drug weight attributed to him in the presentence report, the district court imposed a within-Guidelines sentence of eighty-four months' imprisonment. Goss appeals. On appeal, he argues only that his sentence was not substantively reasonable because it was based on a Guidelines range driven in large measure by a confidential informant's uncorroborated statement. In opposition, the Government asserts that Goss invited the error of which he now complains. For the reasons that follow, we affirm.

As a general rule, "'a court can not be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such a request.'" United States v. Herrera, 23 F.3d 74, 75 (4th Cir. 1994) (quoting Shields v. United States, 273 U.S. 583, 586 (1927)). Thus, we "will not consider alleged errors that were invited by the appellant," absent a showing of such "extraordinary circumstances" as "an apparent miscarriage of justice or doubt as to the integrity of the judicial process." United States v.

2

Hickman, 626 F.3d 756, 772 (4th Cir. 2010) (internal quotation marks omitted).

At sentencing, Goss objected to the informant's statement, asserting that it was vague and resulted in a substantially higher drug quantity than that involved in his offenses. As a remedy for these objections, defense counsel requested only that the district court remove one ounce of cocaine from the informant's drug weight estimate to qualify Goss for the lower base offense level of twenty-six. The court did just this, adopting the lower drug weight as requested by Goss and imposing a sentence within the Guidelines range established by the resulting base offense level. Goss made no further objection to this Guidelines range and did not request a different sentence. Goss does not demonstrate that a miscarriage of justice will result from, or that the judicial process will be compromised by, the alleged error. Because the sentence Goss now identifies as unreasonable resulted from a remedy his counsel specifically requested, we conclude that Goss' argument is invited error not subject to review by this court.[*]

---

[*] In any event, were we to consider the issue on its merits, we would conclude without difficulty that Goss has not met his burden to rebut the presumption of substantive reasonableness accorded his within-Guidelines sentence. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED