Stegall, J.,
concurring: I concur fully with the result and reasoning of the majority opinion. But I wiite separately to address our confused caselaw on the limited question of whether a judge answering a jury question with a written note, as distinct from giving an oral answer in open court, violates tire Sixth Amendment’s requirement that a defendant be present at every critical stage of the proceeding. Our majority opinion today acknowledges, in passing, the uneven history I discuss below. But the State conceded error, drus obviating any need or opportunity to revisit the question and bring needed clarity to this unsettled area of criminal procedure.
The time-tested and well-worn trial procedure at issue here— whereby after a deliberating jury has sent a written question to the trial judge, the judge first holds a hearing with counsel in the presence of the defendant concerning the proper answer, and second delivers a written answer to the jury—has been so common in our history as to have become rote and unremarkable. See Shields v. United States, 273 U.S. 583, 588, 47 S. Ct. 478, 71 L. Ed. 787 (1927) (permitting a written answer to a jury question after proper hearing and opportunity to object). Since 2012, however, the issue has spawned significant litigation and at least five different and contradictory opinions from this court. See State v. Burns, 295 Kan. 951, 287 P.3d 261 (2012); State v. Wells, 296 Kan. 65, 290 P.3d 590 (2012); State v. King, 297 Kan. 955, 305 P.3d 641 (2013); State v. Bowen, 299 Kan. 339, 323 P.3d 853 (2014); and State v. Verser, 299 Kan. 776, 326 P.3d 1046 (2014). And the cases continue to arrive on our steps, as evidenced by today’s decision.
In addition to deciding whether this procedure violates tire Sixth Amendment,' we have simultaneously considered whether it com *221 ports with K.S.A. 22-3420 which, prior to its amendment, provided in part:
“After the jury has retired for deliberation, if they desire to be informed as to any part of the law or evidence arising in the case, they may request the officer to conduct them to the court, where the information on the point of the law shall be given, or the evidence shall be read or exhibited to them in the presence of die defendant, unless he voluntarily absents himself.” K.S.A. 22-3420(3).
The legislature, perhaps in response to some of our decisions discussed below, amended this statute, effective July 1,2014, to read:
“The jury shall be instructed that any question it wishes to ask the court about tlie instructions or evidence should be signed, dated and submitted in writing to the bailiff. The court shall notify the parties of the contents of the questions and provide them an opportunity to discuss an appropriate response. The defendant must be present during the discussion of such written questions, unless such presence is waived. The court shall respond to all questions from a deliberating jury in open court or in writing. . . .
The defendant must be present during any response if given in open court, unless such presence is waived.” K.S.A. 2014 Supp. 22-3420(d).
The 2014 amendments to K.S.A. 22-3420 were intended to apply retroactively. See K.S.A. 2014 Supp. 22-3420(f). As we note today, however, the application of K.S.A. 2014 Supp. 22-3420(d) to Bolze-Sann was not advocated by the State and is not properly before us. As such, a determination of that statute’s retroactivity and constitutionality must wait for another day.
The source of our recent confusion over the permissibility of this procedure may stem from the long established and unquestioned rule that a judge may not engage in ex parte communications with a deliberating jury—i.e., the judge cannot orally communicate to a jury without the defendant’s presence. For example, in Crease v. State, 252 Kan. 326, 845 P.2d 27 (1993), the district court conducted an ex parte communication with at least one juror in chambers, absent the presence of any attorneys or the defendant, to discuss the application of the felony-murder rule to the case. The Crease court had no difficulty finding that “ ‘a conference between a trial judge and a juror is a critical stage of the proceeding’ ” and the Sixth Amendment right to be present attaches. 252 Kan. at 333 (quoting State v. Lovely, 237 Kan. 838, Syl. ¶ 3, 703 P.2d 828 *222 [1985]). The court went on then to say that “a defendant’s constitutional and statutory right to be present includes the right to be present whenever the court communicates with the jury’ ” and that “K.S.A. 22-3420(3) requires that once the jury has begun deliberations, any questions from the jury concerning the law or evidence pertaining to the case must be answered in open court in the defendant’s presence, unless the defendant is absent voluntarily.” 252 Kan. at 333.
Similarly, in State v. McGinnes, 266 Kan. 121, 967 P.2d 763 (1998), after the trial judge overheard a juror wonder aloud during deliberations why the chief of police had not testified at trial, the judge orally explained to the jury that the chief was away at training and unavailable. We found constitutional error because “the Sixth Amendment’s Confrontation Clause . . . require[s] the defendant’s presence at every critical stage of a trial, including a conference between a trial judge and a juror.” 266 Kan. at 127.
We did not contemplate or even mention in Crease or McGinnes the distinction between, on the one hand, an oral ex parte conference between a judge and jury and, on the other hand, utilizing a written note to deliver to the jury a communication settled on after consultation with both attorneys in the presence of the defendant. Our conflation of the narrow category of constitutional violations that occurs when a judge engages in an ex parte oral conference with a jury with the significantly broader statement that a defendant has a constitutional right to be present whenever a judge communicates with a juiy—along with our incomplete summary of and reliance on K.S.A. 22-3420(3) for the proposition that anytime a jury asks a question it must be answered in open court—has proved a fertile seed bed for the flowering of litigation around this issue.
The distinction between an oral conference and “communication” writ large was first probed, though not definitively answered, in State v. Coyote, 268 Kan. 726, 1 P.3d 836 (2000). There, the jury sent two questions in writing to tire trial judge. The judge answered both questions in writing, however, the judge only consulted the attorneys in the presence of the defendant when formulating his answer to the second question. The Coyote court first noted that “a conference between a trial judge and juror is ... a *223 critical stage and requires the presence of the defendant.” 268 Kan. at 731 (citing both Crease and McGinnes). But the court was not dealing with oral conferences in Coyote, as it had been in Crease and McGinnes, only with written notes being passed between jury and judge.
Nonetheless, Coyote expanded the rulings of Crease and Mc-Ginnes to written communications in a manner that was, at best, confusing. With respect to the second jury question, the Coyote court said:
“[T]he trial court followed Kansas statutoiy and case law in dealing with the jury-question. The court advised counsel and the defendant of the question, provided all with an opportunity off the record for input, and after the hearing, resolved the question submitted. Then the court, in writing, answered the jury question.” 268 Kan. at 731.
As to the first question, however, the court found constitutional error in die procedure followed by the trial court, stating:
“A trial court, when confronted with a question submitted to it by a jury during deliberations is required to advise counsel, provide the parties with the question, and give them an opportunity for input in the presence of the defendant. Thereafter, the court is required to respond in writing to the jury in the presence of the defendant. . . .
“K.S.A. 22-3420(3) explicitly requires that any questions from the jury concerning the law or evidence pertaining to the case must be answered in open court in the defendant’s presence unless the defendant is absent voluntarily.” 268 Kan. at 732.
Describing these two rulings as merely confusing may be generous as they appear to be contradictory. Certainly the Coyote court is consistent in holding that before a judge may answer a written question from the juiy, the judge must consult with the attorneys in the presence of the defendant. But must the judge call the jury into open court in the presence of the defendant to “communicate” the answer to the jury? Here the Coyote court sows confusion.
This brings us to our recent spate of decisions on this question. Resolved by a unanimous court a mere 2 months apart, the first two decisions—State v. Burns, 295 Kan. 951, 287 P.3d 261 (2012); and State v. Wells, 296 Kan. 65, 290 P.3d 590 (2012)—appeared *224 to settle the question. In Bums, the jury had submitted a written question which was answered in writing by the trial judge after consultation with the attorneys in the presence of the defendant, just as the Coyote court had described. But the defendant, relying on and citing the admonition in Coyote that such communication must occur in open court, argued “that sending an answer back to the jury rather than reading the answer in the presence of the defendant violate[d] his constitutional right to be present at all critical stages of the trial.” Burns, 295 Kan. at 956. We disagreed, found no error, and in the process we clarified the holding of Coyote—“the trial court followed the procedure outlined by this court in Coyote. Burns and his counsel were present and informed of the juiy’s question” before the answer was submitted to the jury in writing. Burns, 295 Kan. at 956.
In reaching its conclusion, the Bums court did not discuss K.S.A. 22-3420(3), an oversight quickly remedied in Wells. There, confronted with substantially identical facts as we had been in Burns, and substantially identical arguments, we expanded our rationale for why neither Coyote nor K.S.A. 22-3420(3) required that a jury question be answered in open court with the defendant present. First, we held:
“The plain language of K.S.A. 22-3420(3) does not support Wells’ contention because the statute only requires the presence of the defendant if the jury, after making a request, is taken into the courtroom so it can receive information from the district court on a point of law.... Because the jury never asked to be returned to the courtroom so it could be informed on the legal definition of abets, the district court did not violate K.S.A. 22-3420(3) by answering tire juiy’s written question via a written note.” Wells, 296 Kan. at 90-91.
Then we added, citing Bums:
“Our holding in Coyote was not based on the fact that the district court failed to answer the jury’s question oraEy in open court while the defendant was present. Instead, our holding was based on the fact that the defendant was not present during the court’s discussion with tire attorneys on how to respond (in writing) to tire jury’s question. . . .
[[Image here]]
“In other words, to ensure that a defendant’s constitutional and statutory right to be present at critical stages of his or her trial is protected, a defendant must be present during the court’s discussion with the attorneys and ultimate decision *225 on how to respond to a written jury question. But there is no need that the court read the written answer it decided out loud to the jury in open court while the defendant is present. Simply delivering the answer the court decided upon to the jury via written note is sufficient to satisfy the defendant’s right to be present.” Wells, 296 Kan. at 91-92.
The Burns and Wells decisions should have ended both this court’s discussion of this procedure and subsequent litigation over its use. Unfortunately, they did not. Eight months after Wells, in another unanimous decision, this court issued its opinion in State v. King, 297 Kan. 955, 305 P.3d 641 (2013). Again confronting substantially similar procedures and arguments as were dealt with in both Burns and Wells, the King court reached the opposite result. Specifically, the King court took issue with Bums and its reading of Coyote-.
“The implication of the Burns decision, if not its clear message, is that it is not necessary to open court when delivering a written answer to a jury question, even if the defendant has not formally waived that procedure. However, the Bums decision did not cite K.S.A. 22-3420(3), and it did not mention the rest of the Coyote court’s analysis, which is contrary to the implication of the Burns decision.” King, 297 Kan. at 966.
Finding support in “the rest” of the Coyote court’s confusing and contradictory analysis, along with our earlier truncated summary statements concerning the requirements of K.S.A. 22-3420(3), King overruled Bums and held:
“[A]ny question from the jury concerning the law or evidence pertaining to the case must be answered in open court in the defendant’s presence unless the defendant is voluntarily absent.... [Ajcts or omissions violating K.S.A. 22-3420(3) also violate . . . the guarantee of the Sixth Amendment to the United States Constitution that a criminal defendant may be present at every critical stage of his or her trial.” King, 297 Kan. at 967-68.
This holding has subsequently been applied in two additional cases to reach this court. See State v. Bowen, 299 Kan. 339, 323 P.3d 853 (2014); State v. Verser, 299 Kan. 776, 326 P.3d 1046 (2014).
Curiously, whether decided rightly or wrongly, King did not tie up all the loose ends because King never considered the sound reasoning and contradictory holding in Wells. This is unfortunate because Wells is the better decision, as a matter of both caselaw *226 and statutoiy interpretation and as a matter of constitutional law. Wells correctly interprets the holding of the Coyote decision rather than getting bogged down in the opinion’s semantic difficulties. Wells is correct that K.S.A. 22-3420(3) only requires a judge to answer a juiy question in open court with the defendant present if the juiy first “requests] the officer to conduct them to the court.” See 296 Kan. at 90-91. When a juiy chooses instead to simply send a written question to the court, the strictures of 22-3420(3), by its plain language, are not triggered. And finally, Wells sensibly finds that tire physical act of delivering a note is not the kind of “communication” contemplated by our earlier decisions finding a constitutional prohibition against ex parte conferences between a judge and jury. Indeed, it would be surprising if this innocuous procedure (which, unsurprisingly, has been deemed harmless at every turn even after we found it to be a constitutional violation) used so regularly as a convenient method of fairly communicating with a jury after deliberations have begun was suddenly discovered to run afoul of the Sixth Amendment to the Constitution.
Finally, it is true, as we have held today, that the State (unwisely perhaps) conceded the process used here was error pursuant to King and failed to even raise the possibility of revisiting the question based on tire possible continuing viability of Wells. It is likewise true this case does not squarely present us with the question of whether to apply the new statutory procedure of K.S.A. 2014 Supp. 22-3420(d) that explicitly permits what King has declared unconstitutional. If it did, we would be required to answer the much more important question of whether that statute must be struck down as constitutionally infirm. But that case is surely coming.
Rosen, J., joins in the foregoing concurring opinion.