**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4562**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY TOBIAS THOMPSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (CR-02-102)

---

Submitted:  August 18, 2006      Decided:  September 19, 2006

---

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Rodney Richey, Greenville, South Carolina, for Appellant. Jonathan S. Gasser, United States Attorney, Isaac Louis Johnson, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gregory Tobias Thompson was convicted by a jury of possession with intent to distribute at least 500 grams of cocaine, 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (2000), and sentenced to 78 months on the drug offense, and a mandatory consecutive 60 month sentence on the firearms offense, for a total of 138 months of imprisonment. He appeals, claiming that: (1) the district court erred in denying his motion for a continuance made on the morning of his trial; (2) two statements made by him to DEA agents were admitted at trial in violation of his Fifth Amendment right to remain silent; (3) the prosecutor's reference to those statements in his closing argument was improper and prejudicial; and (4) evidence of Thompson's prior rental car use was improperly admitted under Fed. R. Evid. 404(b). We affirm.

The evidence, viewed in the light most favorable to the government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), was as follows. In the early morning of December 13, 2001, Thompson was stopped by South Carolina Highway Patrol Officer John Owens for speeding. Owens noticed, in plain view, a cell phone, a pager, and a plastic bag protruding from beneath the rear seat of Thompson's vehicle--a rental van. Thompson claimed that he was returning from a trip to Atlanta to "drop his baby off" with the child's mother. According to Owens,

Thompson appeared "overly nervous" and wouldn't make eye contact. Owens testified that the van rental agreement showed that Thompson had rented the van for one day and paid cash.

Thompson gave permission for Owens to search the van whereupon Owens recovered a small box from beneath the back seat containing over 500 grams of powder cocaine and a small quantity of crack cocaine. Officers also found a loaded pistol under the front passenger seat. Thompson was arrested and advised of his Miranda* rights.

An assistant federal public defender was appointed to represent Thompson at his arraignment the morning after his arrest. However, on the morning of trial, Thompson appeared with retained counsel and requested a continuance, which was denied. Thompson's appointed counsel was allowed to remain with his retained attorney throughout the trial.

Steve Russell, a DEA agent accompanying officer Owens, testified that, after Thompson was advised of his Miranda rights, he asked Thompson if he was interested in participating in a controlled delivery of the cocaine found in the van. Russell testified that Thompson replied, "I'll have to think about that. And if I decide to go that route, I'll let you know." Russell also testified that, when asked how many children he had, Thompson

---

*Miranda v. Arizona, 384 U.S. 436 (1966).

- 3 -

responded "none." Thompson did not object to any of this testimony.

In his closing argument, the prosecutor stated that Thompson had lied about having a child and, therefore, had lied about the purpose of his trip. The prosecutor also repeated Thompson's response to the question regarding his willingness to participate in a controlled purchase.

The government also introduced evidence--over Thompson's objection--that Thompson had rented nine vehicles in 2001, all for periods of less than one week and all paid for with cash. The jury returned a verdict of guilty on both counts, and the district court sentenced Thompson to 138 months of imprisonment. He noted a timely appeal.

Thompson argues, first, that the district court erred in denying his motion for a continuance because he was unable to obtain retained counsel until the morning of trial. A district court's refusal to grant a continuance is reviewed for abuse of discretion. Morris v. Slappy, 461 U.S. 1, 11-12 (1983); United States v. Speed, 53 F.3d 643, 644 (4th Cir. 1995). An abuse of discretion in this context is "'an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay.'" United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990) (quoting Morris, 461 U.S. at 11-12). In order to prove an infringement on the Sixth Amendment right to effective

assistance of counsel based on the denial of a continuance, a defendant must demonstrate that he was specifically prejudiced. Id. With these standards in mind, we find no abuse of discretion by the district court in denying Thompson's motion for a continuance in order for his newly-retained counsel to familiarize himself with the case. Thompson's case had been pending for almost three months, and he failed to provide the district court with any reason for his delay in obtaining counsel. Nor can he show that he was prejudiced, given that his appointed counsel was allowed to remain with him throughout the trial.

Second, Thompson argues that two statements--one made by him in response to the request that he participate in a controlled purchase and the other regarding whether he had any children--were admitted into evidence in violation of his right to remain silent. However, because he failed to object to either statement, his claim is reviewed only for plain error. United States v. Olano, 507 U.S. 725, 732 (1993).

Thompson cannot show any error, let alone plain error. Both of the statements at issue were made by Thompson after he was properly advised of his Miranda rights. There is nothing in the record to show, nor does Thompson allege, that he did not understand the warnings read to him or that he wished to have an attorney present prior to making the statements or that the statements were in any way involuntary. Moreover, the testimony

regarding the possibility of a controlled purchase was elicited by Thompson's attorney on cross-examination and, therefore, any error in its admission was invited. See Shields v. United States, 273 U.S. 583, 586 (1927). In any event, the question regarding Thompson's children (and his statement in response) was attendant to his arrest and booking and therefore does not constitute interrogation. See Pennsylvania v. Muniz, 496 U.S. 582 (1990) (noting that routine booking questions and questions attendant to legitimate police procedures do not require Miranda warnings).

Thompson also asserts that the prosecutor's use of these statements during his closing argument was improper and prejudicial because it amounted to a comment on Thompson's failure to testify. Again, because he did not object, this claim is reviewed for plain error. A prosecutor's improper closing argument may "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Wilson, 135 F.3d 291, 297 (4th Cir. 1998) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)) (internal quotation marks omitted). In determining whether a defendant's due process rights were violated by a prosecutor's closing argument, this court considers whether the remarks were, in fact, improper, and, if so, whether the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial. Id.

We find that the prosecutor's isolated comments in this case were not improper. First, a fair reading of his statements could not be said to constitute a comment on Thompson's failure to testify. Moreover, the district court instructed the jury that Thompson had a right to remain silent and that no inferences were to be drawn from his failure to testify.

Finally, Thompson claims that the district court abused its discretion under Fed. R. Evid. 404(b) by allowing the government to introduce evidence that he had rented vehicles from the same rental company nine times in the prior year. Under Rule 404(b), evidence of other bad acts may be admissible if it is "probative of a material issue other than character." Huddleston v. United States, 485 U.S. 681, 686 (1988). Such evidence is properly admitted when it is "(1) relevant to an issue other than character, (2) necessary, and (3) reliable." United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991) (internal citations and quotation marks omitted). Rule 404(b) only applies to acts extrinsic to the crime charged. Where testimony is admitted as to acts intrinsic to the crime charged, and is not admitted solely to demonstrate bad character, it is admissible. United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996). Acts are intrinsic when they are "inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." Id. (quoting United States v.

- 7 -

<u>Lambert</u>, 995 F.2d 1006, 1007 (10th Cir. 1993)).  In addition, evidence of other crimes or uncharged conduct is "not considered 'other crimes'" for Rule 404(b) purposes if it "'arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime [on] trial.'" <u>United States v. Kennedy</u>, 32 F.3d 876, 885 (4th Cir. 1994) (quoting <u>United States v. Towne</u>, 870 F.2d 880, 886 (4th Cir. 1989)).

We find that the evidence at issue meets the criteria for admissibility under Rule 404(b).  First, the evidence was reliable, as it was offered through the testimony of the office manager for the car rental company that handled all of Thompson's car rentals. Second, it was relevant and necessary to establish a pattern of behavior--Thompson had rented a vehicle nine times in the year prior to his arrest, each time for one to three-day trips from Atlanta to Greenville, South Carolina, and each rental paid for in cash.  Finally, the evidence was probative of Thompson's plan and intent.

The evidence was also admissible as necessary to "complete the story" of Thompson's drug trafficking activity.  <u>See</u> <u>Kennedy</u>, 32 F.3d at 885.  In any event, its admission was harmless in light of the overwhelming evidence of Thompson's guilt.  <u>See</u> <u>United States v. Nyman</u>, 649 F.2d 208, 211-12 (4th Cir. 1980) (noting that error will be found harmless if the reviewing court can conclude "'without stripping the erroneous action from the

whole, that the judgment was not substantially swayed by the error.'")(quoting <u>Kotteakos v. United States</u>, 328 U.S. 750, 765 (1946)); <u>see</u> <u>also</u> <u>United States v. Ince</u>, 21 F.3d 576 (4th Cir. 1994).  We find no abuse of discretion in admitting the testimony at issue.

We therefore affirm Thompson's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>